HATTIE L. HODGE *vs.* HERBERT T. SAWYER.

Cumberland. Opinion January 27, 1893.

*Bastardy. Venue. Waiver. Practice. R. S., c. 97, § 3.*

Bastardy complaints are civil actions, to be brought in the county where the complainant resides.

A plea to the merits in a civil transitory action waives all matters of abatement.

Motions to dismiss civil actions for defects must be filed within the two first days of the return term.

ON EXCEPTIONS.

This was a complaint in bastardy tried to a jury in the Superior Court, for Cumberland County, where the verdict was for the complainant, and the defendant alleged exceptions.

The first exception is based on overruling the defendant's motion to dismiss the proceedings because the complainant's name was left out of the certificate of the oath of the complaint although it appeared immediately before in the complaint, of which the oath is a part. The next exception was to the refusal of the presiding justice to instruct the jury that upon the testimony given at the trial, the action could not be maintained. The defendant's contention herein was that the complainant was never a resident of the State, and had no right under the statute to prosecute a bastardy complaint.

*Clarence Hale*, for complainant.

First exception. Statute prescribes no form of oath. Oath, part of the complaint, shows by whom the complaint is signed. *Adams* v. *McGlinchy*, 66 Maine, 474 : *Soule* v. *Cilley* (1880), not reported. *Littleton* v. *Parry*, 50 N. H. 31 ; *Stokes* v. *Sanborn*, 45 N. H. 274. Second exception. *Hill* v. *Wells*, 6 Pick. 104 ; *Ingram* v. *State*, 24 Neb. 33, 37 ; *Duffy* v. *State*, 7 Wis. 672 ; *Baker* v. *State*, 65 Wis. 50 ; Endl. Stat. § 141.

*Frank and Larrabee*, for defendant.

Complainant never a resident of this State. *Grant* v. *Barry*, 9 Allen, 459.

It plainly appears that her home was in Stewartstown, N. H. ; that she went to North Yarmouth simply to work with the intention of returning ; that the length of her stay depended on whether she liked and they liked. Such a stay at a place by a minor only sixteen years of age in no legal sense constitutes a residence. Moreover, before the complaint in this case was made she returned to New Hampshire where her home had always been, and there she was living at the time the complaint was made. There, too, her child was born.

There is no legal evidence from which a jury could lawfully find that the complainant in this case was a resident of this State. If she was not, then upon the evidence in the case the action could not be maintained and the court should so have instructed the jury as requested by the respondent.

The complaint was not sworn to in due form under the oath of the complainant. It should affirmatively appear that it was sworn to by the complainant. Her name is not inserted in the certificate. The inference is that the oath was never administered to the complainant.

HASKELL, J. Bastardy complaint. The child was begotten in Cumberland County in this State, where the defendant was resident and the complainant commorant. Before the child was born, the complainant, a minor, returned to her father's house in New Hampshire and was there delivered. Afterwards, she came to Portland for the purpose, and made this complaint, but has had no residence in this State since the child was born. The complaint alleges her residence to be in Cumberland County.

After motion to dismiss the complaint for causes that will be considered later, the case went to trial on the merits, presumably upon a plea of not guilty, although the record does not state that fact.

At the conclusion of the evidence, the defendant requested the court to rule that "the action could not be maintained."

This is a civil action; *Mahoney* v. *Crowley*, 36 Maine, 486; *Smith* v. *Lint*, 37 Maine, 546; *Knowles* v. *Scribner*, 57 Maine, 495; criminal in form, but not local. *Dennett* v. *Kneeland*, 6 Greenl. 460. It is to be brought in the county where the complainant resides. R. S., c. 97, § 3. The complaint shows jurisdiction of the court.

It is settled law, that a plea to the merits, in a civil transitory action, waives all matters of abatement. *Webb* v. *Goddard*, 46 Maine, 505; *Demuth* v. *Cutler*, 50 Maine, 298; *Brown* v. *Webber*, 6 Cush. 560; *Thornton* v. *Leavitt*, 63 Maine, 384.

In applying this rule, a distinction must be made between cases, over the subject matter of which the court has no jurisdiction, and cases of wrong venue or defective process. A prerequisite to a valid judgment is jurisdiction of the subject matter and of the persons of the parties, so that the "person and case may be rightly understood."

In the case at bar, the complainant came within the jurisdiction of the court and attached the defendant, who voluntarily submitted the cause to the jury on its merits. The court had jurisdiction of the subject matter, and the parties went to trial. It is too late to object to the residence of the plaintiff. And, if it were not, the plaintiff's residence seems sufficient. *Alley* v. *Caspari*, 80 Maine, 234; *Peabody* v. *Hamilton*, 106 Mass. 217.

In local actions, wrong venue may be pleaded in abatement or taken advantage of on trial, but can only be set up as a defense once. *Cassidy* v. *Holbrook*, 81 Maine, 589.

The defendant is a resident of this State. It would be unreasonable to hold that he was not amenable to our laws, because from distress, the complainant sought shelter in her father's house, in another State, the only place for her to go, outside the alms-house.

Exceptions to the overruling of motions to quash in criminal cases do not lie. *State* v. *Maher*, 49 Maine, 569; *State* v. *Hurley*, 54 Maine, 563. In civil actions, they must be filed within the two first days of the return term. The motion in

this case was not filed until the eighth day of the eighth term. For any defect in the complaint, it came too late. No other defect appears upon the record. The declaration, filed before trial, appears, plainly enough, to have been sworn to by her.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.