GRACE M. PORTER

v.

FRANK HANKEY PORTER.

[Decided December 16th, 1913.]

A desertion can only be regarded as continued within the meaning of section 31 of the Divorce act (*P. L. 1907 p. 483*) if the deserting party shall have been under restraint either by due process of law or his voluntary act; insanity not being a voluntary act, but an affliction regarded as an act of God, incarceration, by reason of insanity, does not fall within the letter or the spirit of the section.

On petition for divorce. On exceptions to master's report.

*Mr. J. Lefferts Conard*, for the exceptant.

WALKER, CHANCELLOR.

This was a divorce case in which the petitioner charged the defendant with willful, continued and obstinate desertion, and prayed a divorce *a vinculo matrimonii* accordingly. The defendant was served with process of citation and a copy of the petition. At the time of such service he was confined in the New Jersey state hospital at Trenton as an insane person, and

the clerk of this court was thereafter appointed guardian *ad litem* for him in this cause. The matter was referred to Richard C. Chamberlain, Esquire, one of the special masters of this court, to take depositions and other evidence and report thereon. This he did under date of November 5th, 1913, and, among other things, reported as follows:

"And I find and report that the petitioner and the defendant cohabited after their said marriage until the 25th day of August, A. D. 1900, and that on said last-mentioned date the defendant left the petitioner and has never since that date returned to her, offered to provide a home for her or contributed to her support.

"And I find and report that on the 15th day of March, A. D. 1901, the defendant was incarcerated in the New Jersey state hospital for the insane, and was confined in that hospital continuously from that date until after the filing of the petition in this cause; that the statutory period of desertion in this state, as declared in *Myles* v. *Myles, 77 N. J. Eq. (7 Buch.) 265,* is the two years immediately preceding the filing of the bill or petition, and that during the whole of such period the defendant was confined in the New Jersey state hospital for the insane at Trenton, in this state.

"In *Pile* v. *Pile, 94 Ky. 308,* it was held that 'involuntary absence while confined in an insane asylum is not desertion.'

"The New Hampshire statute provides 'abandonment to constitute a cause of divorce, must continue for three years together' (*Pub. Stat. ch. 175 § 5*), and in that state the supreme court held that 'the time during which the defendant has been insane cannot be included in computing the statutory period. But for her insanity, it may be that she would have repented and returned to her husband.' *Storrs* v. *Storrs (N. H., 1894), 34 Atl. Rep. 672.*

"And in *Malchin* v. *Malchin, 6 Pa. St. 332,* it was held that 'general insanity is a full defence for all acts which by the statute are grounds of granting divorce. In regard to severity and desertion there could be no question. There is wanting the consenting will which is indispensable to give the acts the quality either of severity or desertion.'

26

"Under 'An act providing for divorce and for decrees of nullity of marriage, and for alimony and the maintenance of children (Revision of 1907),' *P. L. 1907 p. 474,* divorces from the bond of matrimony may be decreed for 'willful, continued and obstinate desertion for the term of two years.'

"And section 31 of the same act provides:

" 'Willful and obstinate desertion shall be regarded, held and construed to be "continued" within the meaning of this act, notwithstanding that after such desertion has or shall have begun, the deserting party has or shall have been imprisoned in this or any other state or country upon conviction by due process of law for a crime, misdemeanor or offence, not political, committed in this or any other state or country, or for any other reason, shall have been under restraint, either by due process of law or his or her voluntary act.'

"If this section applies to an insane defendant charged with desertion, it simply declares the desertion to be 'continued,' not willful and obstinate as required by the act; the desertion to be willful requires a consenting mind, and in this case the defendant is and was for more than two years immediately preceding the filing of the petition an insane person confined in an insane asylum, and without the consenting mind necessary to make the desertion willful and obstinate, and in consequence I find and report that a willful, continued and obstinate desertion for the term of two years did not exist at the time of the filing of the petition.

"And I accordingly report that in my opinion the petitioner has not substantiated the truth of the allegations of her said petition, with respect to the cause of divorce, and is not entitled to the relief prayed; and I do recommend that the petition be dismissed."

The petitioner excepts to the master's report, first, because it appears by the depositions offered by the petitioner that the defendant, on August 25th, 1900, deserted the petitioner within the meaning of the Divorce act; second, because the defendant's desertion was willfully and obstinately begun, and so continued by virtue of the operation of section 31 of the Divorce act; third, virtually the same exception as the second, being stated in a different formula, and fourth, that the master's report is

contrary to law and the evidence, and that the petitioner is entitled to the relief she prayed for, and that the master should have so reported.

My examination of this matter has led me to the conclusion that the master's recommendation is correct, and the exceptions filed to his report will, therefore, be overruled and the petition dismissed, for the reasons stated by the master, except that I disagree with his conclusion that the provisions of section 31 of the Divorce act merely operate to continue a desertion, not making its continuance willful and obstinate. The section mentioned is one of construction, and its very object is to make a desertion, thereby continued, both willful and obstinate during its continuation. To my mind the section (31) does not operate at all upon the status of the defendant in this case, for this reason: A desertion can only be regarded as "continued" within the meaning of section 31 of the Divorce act if the deserting party shall have been under restraint, either by due process of law or his *voluntary* act. Now, insanity is not a "voluntary act," but is an affliction regarded as an act of God. Incarceration, therefore, by reason of insanity, does not fall within the letter or the spirit of the section. The master holds that the desertion was not continued in a legal sense after the defendant became insane, for want of a free and untrammeled will, which alone could continue, willfully and obstinately, a desertion already willfully begun. This I affirm to be sound, but go a step further, and say, that the very statutory provision within which the desertion in this case is sought to be made "continued," excludes the notion that it was continued within the meaning of the law, because the act which induced the restraint of the defendant and made his absence continued in fact, was entirely *involuntary* on his part.