JOHN F. HARTWELL *vs.* MARY E. L. HARTWELL.

Middlesex. December 4, 1919. — December 8, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Marriage and Divorce. Insane Person.*

A divorce cannot be decreed for "utter desertion continued for three consecutive years next prior to the filing of the libel" unless throughout the entire period of the three years there is a conscious volition on the part of the libellee, unaffected by lunacy, to continue the desertion.

LIBEL FOR DIVORCE on the ground of desertion, filed on April 30, 1918.

In the Superior Court the libel was heard by *Chase,* J. The material facts are described in the opinion. By order of the judge, the libel was dismissed; and the libellant alleged exceptions.

*A. E. Yont,* for the libellant.

No counsel appeared for the libellee.

RUGG, C. J. This is a libel for divorce on the ground of desertion. The parties were married in September, 1904. Between that time and May, 1912, the libellee was twice placed under restraint as an insane person, having been confined the first time more than two years and the second time a little less than one year. From May, 1912, to February 8, 1913, she was sane. On

the latter date she left her husband and took with her the younger of the two children born of the marriage, being at that time sane and fully appreciating the consequences of her act. The trial judge was unable to make any finding as to the length of time she then intended to stay away from her husband. She went to the house of relatives where she remained with her child about twelve days. She was then examined by physicians and on February 25, 1913, was adjudged to be insane and committed to an asylum where she has since been confined without having regained sanity.

The ruling that the libel must be dismissed was right. It is provided by R. L. c. 152,§ 1, that "A divorce . . . may be decreed for . . . utter desertion continued for three consecutive years next prior to the filing of the libel." These words according to their natural significance import not only a sane mind in determining upon the initial act of cessation of cohabitation but a persistent and rational abnegation of the duties and obligations of marriage for the required period. They demand not only intelligence in the deciding upon original separation but also understanding and capacity to apprehend during the entire term specified in the statute. There must be a conscious volition to continue the desertion throughout the period, unaffected by lunacy. One of the objects of the establishment of a substantial time of desertion as a prerequisite for maintenance of a libel for divorce on that ground is to enable the offending party to repent and return to the matrimonial home, and thus to afford opportunity to the parties to become reconciled and live together again. That object would be frustrated in cases where the mind to will has become unsound. An act which if performed by a normal person would be ground for divorce affords no justification for dissolving the marriage bond if committed by an insane person. *Broadstreet* v. *Broadstreet,* 7 Mass. 474.

In the case at bar there were only a few weeks during which the libellee was capable of sane desertion. Her mind for the rest of the time has been unable to form an intelligent purpose respecting the subject of desertion. Hence, although the time has elapsed, the essential, responsible intention has been absent. It follows that there has been no desertion. The decisions in other jurisdictions are to the same effect. *Porter* v. *Porter,* 12

Buch. 400. *Kirkpatrick* v. *Kirkpatrick*, 81 Neb. 627. *Storrs* v. *Storrs*, 68 N. H. 118. We are aware of none to the contrary.

There is nothing at variance with this conclusion in *Hews* v. *Hews*, 7 Gray, 279, or *Drew* v. *Drew*, 13 P. D. 97, in both of which the continuing purpose to desert was established notwithstanding some involuntary incarceration as punishment for crime.

*Exceptions overruled.*