EDITH M. SWEET, Libl't. *vs.* ROBERT J. SWEET.

Cumberland.    Opinion March 26, 1920.

*Evidence warrants decree. Condonation. Express or implied promise. Rule as to number of witnesses one of practice, not inflexible.*

Upon exceptions to a decree of divorce from the bonds of matrimony, for the cause of extreme cruelty, the question presented is whether as a matter of law the evidence warrants the decree.

The court is of the opinion in the instant case that it does. Condonation of the libellee's cruelty, by subsequent cohabitation, was upon the condition, express or implied, of good behavior on his part and kind treatment of the libellant.

The rule that a divorce is not to be granted upon the uncorroborated testimony of the libellant is a rule of practice, and not an inflexible rule of law.

Libel for divorce alleging cruel and abusive treatment and extreme cruelty. At the conclusion of libellant's evidence, libellee waiving his

privilege to testify or offer evidence, moved to dismiss the libel, which motion was overruled and a divorce decreed for extreme cruelty. Libellee excepted to ruling and decree. Exceptions overruled.

Case stated in the opinion.

*F. W. Hinckley*, for libellant.

*H. E. Nixon*, for libellee.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

MORRILL, J. The libellant has obtained a decree of divorce from the bonds of matrimony between herself and the libellee, for the cause of extreme cruelty. The libellee offered no evidence; his motion that the libel be dismissed was overruled and a decree in favor of the libellant entered; to this ruling and decree the libellee has exceptions.

The question is thus presented whether as a matter of law, the evidence, which is made a part of the bill of exceptions, warrants the decree. We do not hesitate to say that it does.

After an unhappy married life of about eighteen years the troubles of the parties culminated in 1917. The evidence shows personal violence inflicted upon the libellant by the libellee in February or March of that year of a nature constituting extreme cruelty. If their later cohabitation until September of that year was a condonation of his cruelty, it was upon the condition, express or implied, of good behavior on his part and kind treatment of her.

In September, at the time of their final separation, her testimony shows that he knocked her down, tried to push her upon a hot stove and left a bruise over her eye.

It is true that her testimony as to the occurrences in February or March is alone corroborated; but the rule of not granting a divorce upon the uncorroborated testimony of the libellant is a rule of practice, and not an inflexible rule of law. The libellant was a competent witness, and there is no rule of law to prevent a finding of fact solely upon her testimony, if her credibility is established to the satisfaction of the presiding Justice. *Robbins* v. *Robbins*, 100 Mass., 150.

*Exceptions overruled.*