This is an action for divorce brought against a defendant who is now confined in the state hospital for the insane at *Page 36 
Trenton. The case is on final hearing before me. The facts are:
On April 27th, 1920, the defendant deserted the petitioner while living in the town of West New York, this state. On May 1st, 1920, the defendant shot a boy in the neighborhood in which he was living and then fled the jurisdiction. Subsequently, he was apprehended and was sentenced to serve a term in the state prison for fifteen years. He was sent to that institution in November, 1920. On August 3d 1921, while incarcerated there, he was transferred to the state hospital for the insane at Trenton. The allegation of the petition filed in the cause is that the defendant deserted the petitioner in the month of April, 1920. It appears, therefore, that on August 3d 1921, less than two years after the desertion, that the defendant was involuntarily confined in the New Jersey State Hospital for the Insane at Trenton. He still continues insane and confined in this institution, and, therefore, cannot be held to willfully, continuedly and obstinately desert the petitioner. It must be conceded that the mental condition of the defendant and his confinement arrested the period of desertion. He was no longer a willful deserter.
These facts were all set forth in the answer and cross-petition filed in behalf of the clerk of the court of chancery, who was appointed the guardian ad litem for the defendant. At the appropriate time the petitioner's solicitor filed a notice of motion to strike out the answer and cross-petition. The application came up on a motion given under the notice, and I continued it under rule 67 until final hearing. In due course the matter came before me under an order of reference for final hearing. Testimony was taken and the motion to strike out the answer and cross-petition was renewed. After hearing argument I stated that if the facts set up by the answer and cross-petition were true they constituted a bar to the suit. Solicitor of the petitioner conceded that the facts were true, which were presented in the said pleadings, but contended that the case was within the thirty-first section of the Divorce act of 1907. I do not so construe this section. As before stated, insanity intervened *Page 37 
before the cause for action accrued to the petitioner, and willful desertion was thereby ended. See Porter v. Porter,82 N.J. Eq. 400; Gordon v. Gordon, 88 N.J. Eq. 436; affirmed,89 N.J. Eq. 535.
An order may be entered dismissing the petition.