J. FRANK YOUMANS, petitioner,

*v.*

JESSIE C. YOUMANS, defendant.

· [Filed May 21st, 1925.]

**Divorce—Desertion and Extreme Cruelty—Wife's Conduct Such as to Indicate Mental Derangement—Insanity an Affirmative Defense, Which Must be Pleaded, and Burden of Proof is on Defendant—Extreme Cruelty is Ground For Relief, Though it Arises From Delusion, at Least so Long as Defendant is Not Insane Generally.**

On final hearing.

*Messrs. Oliphant & Mitchell,* for the petitioner.

*Mr. Francis W. Stone,* for the defendant.

BUCHANAN, V. C.

Petitioner sues for absolute divorce, alleging two causes—·desertion and extreme cruelty. His proofs show to my entire satisfaction that the wife accused him of undue intimacy with another married woman; that there was no basis whatsover, in fact, for such accusations; that she was guilty of such a course of conduct toward him as amounted to extreme cruelty for more than the six months statutory period, injuring his health and rendering it unsafe for him to remain with her, so that though she, in fact, left him, he was under no duty to seek her return; that she remained away for more than the statutory two years, with no indication of desire or willingness to return, or to change her conduct if she did return, but, on the contrary, persisting in her accusations during her absence.

The husband, then, would be entitled to a decree, on either or both grounds, if the wife were mentally responsible for her conduct. It would seem, from the proofs, that the wife believed her charges were true, yet the evidence also shows that she had no proof, and admitted that she had no proof (up to a time shortly before her leaving, when she claimed to have acquired some proof), and shows, therefore, a course of conduct so illogical or irrational as to make it seem probable, or, at least, highly possible, that her mentality was to some extent, and, in that behalf, defective or deranged. It appears, indeed, that the husband himself believed that his wife was mentally deranged, and made some attempt to have her examined and committed to the state hospital, but such examination was never, in fact, made.

At the hearing I took the view that where the proofs show that such mental condition is so highly possible an explanation of, or cause for, her conduct, as in the present case, the husband has not sustained the burden of proof upon him, if he fails to present evidence to negative that possibility; none such has been introduced.

That point had not been considered by counsel in their preparation for trial and argument, and, on application, a re-argument was granted, the result of which leads me to the conclusion that under the authorities in this state the husband is entitled to a decree. Omitting from consideration the questions of the presumption of sanity—that insanity is an affirmative defense which must be pleaded, and was not in this case, and that as an affirmative defense the burden of proof thereof is on the defendant, it seems to have been definitely determined by the court of errors and appeals in *Smith* v. *Smith, 40 N. J. Eq. 566* (at *p. 601*), that extreme cruelty is ground for relief, notwithstanding it arises from delusion, at any rate so long as the defendant be not insane generally. There is in the present case nothing to show that defendant is insane generally. The *Smith Case* was a suit by the wife against the husband for divorce from bed and board, but I am not able to observe that any difference in principle is neces-

sitated or indicated by the fact that the present petitioner is the husband, nor by the fact that the present suit, under the amended statute, is for absolute divorce.

The allowances as to costs and counsel fee heretofore announced will be undisturbed.