VERNA V. ALPERT *vs*. JACOB S. ALPERT.

Penobscot: Opinion, November 26, 1946.

*James B. Mountaine*, for libellant.

*Nathan Solman*,

*Randolph A. Weatherbee*, for libellee.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, JJ. AND MANSER, ACTIVE RETIRED JUSTICE.

MURCHIE, J.   The libellee's exceptions herein allege as the single ground for a claim of error that the decree of divorce for cruel and abusive treatment to which it relates is "contrary to and unsupported by the evidence presented in the cause." The basis for the claim is difficult of comprehension on reference to the record, which discloses very complete specifications of the acts of the libellee relied on to support the allegations of the libel and plenary evidence in support of most, if not all, of those specifications if the trier of facts found it credible and con-

vincing. The explanation lies in the argument presented that all of it is "inherently improbable."

The right of an appellate court to disregard evidence as inherently *impossible* is well established. Instances of its exercise by this Court are found in *Blumenthal* v. *Boston & Maine Railroad,* 97 Me., 255, 54 A., 747, where a nonsuit was found proper on that ground, and in *McCarthy* v. *Bangor & Aroostook Railroad Co.,* 112 Me., 1, 90 A., 490, L. R. A., 1915 B, 140 where a verdict was set aside. It is a principle peculiarly appropriate in cases where the trier of fact might be considered susceptible to bias or prejudice, although the declaration of the Court in *Bond* v. *Bond,* 127 Me., 117, 141 A., 833, carries recognition that it may serve as a check on the factual findings in a divorce case heard, as this one was, without a jury. As was said of the evidence in that case so it is apparent here that:

"the evidence was conflicting, but it can not be said that the evidence of the libellant and her witnesses on any material point was inherently improbable."

Conflicts of evidence can be resolved most fairly by a trier of facts who sees the witnesses on the stand and has an opportunity to adjudge the elements that make for credibility or otherwise that is unavailable to those who merely read the printed word. It is only when inherent impossibility (or improbability) is plainly apparent that the principle relied on by the libellee can control. No justification for invoking it appears in the present case.

*Exceptions overruled.*