ALICE PRESTON, LEGAL GUARDIAN OF ABRIGAIL REED

*vs.*

HOLLIS REED.

Kennebec.   Opinion, December 7, 1946.

*Udell Bramson,* for petitioner.

*Berman, Berman & Wernick,* for respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMP-
KINS, FELLOWS, JJ.

HUDSON, J.   In this case the respondent excepts to the
decision of the judge below in the Superior Court and to certain
statements made by him in relation thereto. In the decision

he sustained the petition of the plaintiff asking for the annulment of a divorce granted to Hollis Reed against his wife, Abrigail, daughter of the petitioner herein, Alice Preston, and decreed that the divorce granted Hollis be rendered void and of no effect on the ground that the wife, Abrigail, was insane at the time of the institution of the divorce proceedings, had remained so continuously since then, had no guardian, general or *ad litem,* or any attorney in fact, and did not appear at and was not represented at the divorce hearing.

In his opinion the justice said:

" . . . Petitioner's ward had, and now has, a good and meritorious defense to Hollis Reed's libel for divorce.

" . . . Under the facts of the instant case, in the light of the rules of law properly applicable, we find that 'so far as the record shows, a judgment was rendered against the (libelee) while she was presumptively insane,' without opportunity to her to be heard either by general guardian, guardian ad litem, or attorney. 'We think it was the imperative duty of the court, as soon as the matter was in any way called to its attention, to see that the defendant was given what the record shows she did not have, a trial in which she was properly represented.' *Cubbison* v. *Cubbison* . . . ." (45 Ariz., 14, 40 Pac. (2nd), 86.) "This was particularly true in view of the fact that she had a meritorious defense to the libel brought against her."

Then he decreed that the divorce be annulled and rendered void and of no effect.

Counsel for the respondent frankly states that all of the exceptions of the respondent are directed to one point on which the decision of the Court below was founded and that in the interest of brevity the exceptions may be regarded as coalescing and that the problem may be presented to this Court as a unit.

It clearly appears, we think, that the question of law thus presented is this: Assuming that a wife actually deserts her

husband for a period of three years prior to the filing of a libel for divorce and lives apart from him for that length of time and later becomes insane, what is the effect of the insanity upon the desertion as a ground for divorce under our statute?

The exceptant claims that the desertion once established continues automatically to the time of the filing of the libel. This the plaintiff denies.

The justice below ruled that, in order to have a legal divorce for utter desertion, the desertion must continue for the three consecutive years next prior to the filing of the libel. He cited certain Maine cases with which we agree to the effect that:

"To constitute 'utter desertion' under the statute, there must be not only cessation from cohabitation continued for the required period and absence of consent to the separation on the part of the libelant, but also intention in the mind of the libelee not to resume cohabitation. *Moody* v. *Moody*, 118 Me., 454; *Landry* v. *Landry*, 121 Me., 104, 106; *Deering* v. *Deering*, 123 Me., 448."

It would seem that he reasoned rightly that while she was insane (and she was insane during a large portion of the three-year period next before the filing of the libel) she could not be said to be consenting to the separation and have no intention to resume cohabitation. Consequently, the desertion did not continue for the three-year period next prior to the filing of the libel as required by the statute. He plainly stated in his decision:

"Because of Abigail Reed's mental disorder, she did not have from the time of her entry into the Augusta State Hospital in December, 1938, to the time of the filing of the libel, the mental capacity necessary to form the intent necessary to constitute the act of desertion."

The statute was enacted in 1863 (see P. L. 1863, Chap. 211, Sec. 2). Then this three-year period did not have to be next

prior to the filing of the libel, nor did it in the Revision of 1871 (see Chap. 60, Sec. 3), but in P. L. 1883, Chap. 212, Sec. 2, the law was changed to include these pertinent words, "next prior to the filing of the libel," and such has been the law ever since.

Thus it is perfectly clear that the legislature intended that, before authority would be granted by it to a court to grant a divorce for utter desertion, the desertion should not be for *any* three years prior to but for the *particular* three years *next* prior to the filing of the libel. It could well be that a long time prior to the filing of a libel there might be a period of three consecutive years during which there was a desertion, and yet under our present statute it would not be a ground for divorce for utter desertion because it was not for the three-year period clearly specified in the statute, by which the Court is absolutely bound. If there be a desertion, it, to be a ground for divorce under the statute, must continue and be in existence for the three years next prior to the filing of the libel.

In *Hartwell* v. *Hartwell*, 234 Mass., 250, 251, 125 N. E., 208, the late Chief Justice Rugg stated:

> "One of the objects of the establishment of a substantial time of desertion as a prerequisite for maintenance of a libel for divorce on that ground is to enable the offending party to repent and return to the matrimonial home, and thus to afford opportunity to the parties to become reconciled and live together again. *That object would be frustrated in cases where the mind to will has become unsound.*" (Italics ours.)

Had Mrs. Reed had her day in court at the time of the divorce hearing, it might have appeared that she did actually repent and offer to return to her matrimonial home, and if the Judge found that to be true, that would have destroyed desertion as a ground for divorce under this statute. Under the facts in this case she never had any opportunity to present any defense in the divorce hearing.

The statute above-quoted is not only emphatic but clear and the Court below in his ruling followed it and based his decision upon it as he interpreted it. We think he interpreted it rightly. The mandate must therefore be,

*Exceptions overruled.*
*Decree below affirmed.*