PRISCILLA P. STEWART
*vs.*
CHARLES A. STEWART

Waldo.    Opinion, June 16, 1948.

PER CURIAM.

The libelee's exceptions herein challenge the validity of a divorce decree on the dual grounds that the justice who heard the case erred in refusing to dismiss the libel because of wrong venue and in granting the divorce on evidence which was not sufficient to establish cruel and abusive treatment.

Venue under the statute, R. S. 1944, Chap. 153, Sec. 55, depends on residence:

"A divorce * * * may be decreed in the county where either party resides at the commencement of proceedings * * *."

The motion was urged by assertion that although the libelant was proved to have been physically present in the place alleged to be her residence in her libel at the time she signed it and for slightly more than a week prior thereto, there was no direct evidence that she intended to remain there "permanently, or for an indefinite period of time" and that without such proof her presence would not constitute residence. *Inhabitants of Warren* v. *Inhabitants of Thomaston,* 43 Me. 406, 69 Am. Dec. 69. That the trier of fact made a finding on the point in her favor is implicit in the granting of the divorce.

Residence is a question of fact. *Mather et al.* v. *Cunningham et al.,* 105 Me. 326; 74 A. 809; 29 L. R. A., N. S. 761; *Thorndike* v. *City of Boston,* 1 Met. 242. So also is the existence of cause for divorce, as is evidenced by a principle of general application, i.e. that factual decisions made by triers

of fact will not be disturbed in appellate proceedings if supported by credible evidence. This principle was applied in the divorce field in *Sweet* v. *Sweet,* 119 Me. 81; 109 A. 379; *Michels* v. *Michels,* 120 Me. 395; 115 A. 161; 18 A. L. R. 570; *Bond* v. *Bond,* 127 Me. 117; 141 A. 833; and *Alpert* v. *Alpert,* 142 Me. 260; 49 A. (2nd) 911.

It cannot be said that the record before us lacks credible evidence to support either finding. Libelant's allegation of her residence may be said to have the support of credible evidence in. proof that she was paying board at the place where she was living. The jurisdiction of the court over the married status of the parties is undoubted. They were married in this state and had their domicile here during the full term of their married life. The only issue is *venue* and questions of residence have been decided under a liberal construction of the term heretofore. in such cases. *Alley* v. *Caspari,* 80 Me. 234; 14 A. 12; 6 Am. St. Rep. 178; *Hodge* v. *Sawyer,* 85 Me. 285; 27 A. 153. As to the cause for divorce, the *Sweet* case declares that a finding of extreme cruelty may be grounded in the uncorroborated testimony of a libelant. This libelant's testimony relative to cruel and abusive treatment was supported in some respects by the evidence of several witnesses. It was the province of the trier of fact to pass on the question of credibility.

*Exceptions overruled.*

*Roy L. Fernald,* for libelant.

*Pilot & Collins,* for libelee.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MURRAY, JJ.