LEO M. HADLEY

*vs.*

BARBARA H. HADLEY

Cumberland.    Opinion, February 17, 1949.

*Berman, Berman and Wernick,* for libellant.

*Francis W. Sullivan,* for libellee.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

MURCHIE, J.  The issue raised by this libellee's exceptions to the granting of a divorce to her husband on the ground of cruel and abusive treatment can be posed most clearly by quoting the language in which it is stated in the Bill of Exceptions:

"The libellee asserts that there is no evidence to sustain * a decree in that the evidence and testimony submitted prove insanity of the libellee during the periods pertinent * * * and * * * disclose acts of the libellee caused or occasioned by unsoundness of mind and not constituting * * * cruel or abusive treatment to the libellant."

The allegation that the insanity, or unsoundness of mind, is a periodic or part-time one carries recognition that the evidence justified the finding made, assuming the libellee's responsibility for her conduct.

The parties were married in February 1919 and lived together from that time until June 1944 and for two periods thereafter. The first of the later periods commenced in August 1944 and extended to December 1945. The opening date of the second is not definitely fixed in the record, but it ended August 31, 1947, the date of the final parting. The libellant left home on each occasion, as he said, as the result of incessant nagging, taking the forms of constantly reiterated charges of infidelity, and somewhat trifling physical abuse. His first return was on libellee's promises to give up her work, in a shipyard, submit to a surgical operation, which both thought she needed and she later had, and quit her nagging,. and her declaration that she believed her earlier charges untrue. The later returns were at the solicitation of one or more of three living children born to the marriage, and on the advice of counsel, who claimed to have the assurance of the wife that she would do better.

The allegation of insanity, in the exceptions, is grounded in proof that the libellee entered a hospital on May 25, 1946, and had fourteen treatments therein which the doctor who gave them describes as electric shock therapy. She left the hospital July 15, 1946. Two daughters who testified for her described her as much better thereafter. The doctor stated, in a letter admitted in evidence, that on his first examina-

tion he found the libellee a "fifty year old woman who expressed paranoid ideas;" that after the therapy she had "ideas of reference;" and that when she left the hospital she was insane. He explained "paranoid" and "ideas of reference" as meaning delusions of persecution without adequate ground and "that people talk about one in a way that is beyond reality," but made no attempt to explain what he meant by the word "insane." The general picture, as he said, was that of a woman in middle life developing a mental disease "characterized by delusions of persecution and abnormal jealousy directed against her husband."

There is ample authority for the principle that a divorce may not be grounded on an act committed by one insane when it was performed. That principle is generally accepted where a divorce is sought for adultery, although *Matchin* v. *Matchin,* 6 Pa. St. 332; 47 Am. Dec. 466, allowed a divorce therefor. The special basis on which that decision was rendered has been expressly repudiated in *Wray* v. *Wray,* 19 Ala. 522; *Nichols* v. *Nichols,* 31 Vt. 328; 73 Am. Dec. 352; and *Walker* v. *Walker,* 140 Miss. 340; 105 So. 753; 42 A. L. R. 1525. The principle has been applied in cases involving cruel and abusive treatment and desertion. See *Hansel* v. *Hansel,* 3 Pa. Dist. R. 724 (where the *Matchin* case was distinguished); 19 C. J. 76, Sec. 170; 27 C. J. S. 597, Sec. 55 b; 17 Am. Jur. 266, Sec. 227; *Broadstreet* v. *Broadstreet,* 7 Mass. 474; *Hartwell* v. *Hartwell,* 234 Mass. 250; 125 N. E. 208; *Storrs* v. *Storrs,* 68 N. H. 118; 34 A. 672. Nothing appears in the reports in the *Broadstreet* case except the notation of the reporter that a divorce libel was dismissed on the suggestion of libellee's counsel that she was insane at the time of her alleged act, that "being proved to the satisfaction of the Court."

This case presents the opposite situation. The granting of the divorce imports a factual finding that the libellee was answerable for her conduct at the time of the acts found to constitute cruel and abusive treatment. Whether that

finding carries decision that the libellee was not insane at any time or merely "during the periods pertinent," to use the language of the Bill of Exceptions, need not be decided. The words "insane" and "insanity" have a wide range of meaning, as reference as any dictionary will show. The coverage of either term is well stated in 28 Am. Jur. 656 et seq., Secs. 2 and 3. What is said of the decision of *Hansel* v. *Hansel, supra*, in a note in 34 L. R. A. at Page 165, indicates the range:

> "to establish insanity as a defense in an action for divorce for cruel and barbarous treatment * * * the defendant must have been in such a mental condition as to deprive him of the use of his reason to the extent that he did not know right from wrong and was incapable of willing the one or the other."

Authority for granting a divorce against a libellee suffering from an insane delusion as distinguished from insanity is found in *Smith* v. *Smith*, 40 N. J. Eq. 566; 5 A. 109, and in *Youmans* v. *Youmans*, 3 N. J. Eq. 576; 129 A. 122. It is well established in this State that the general principle applicable to factual findings, i. e. that those made by the trier of fact will not be disturbed in appellate proceedings if supported by credible evidence, is controlling in divorce proceedings. *Alpert* v. *Alpert*, 142 Me. 260; 49 A. (2nd) 911; *Stewart* v. *Stewart*, 143 Me. 406; 59 A. (2nd) 706. The issue here is not whether the record would support a decision of fact that the libellee was not legally responsible for conduct held to constitute cruel and abusive treatment within the purview of our divorce statute. R. S., 1944, Chap. 153, Sec. 55. The trier of fact found that she was. It cannot be said that she was not, as a matter of law, on the evidence in the record. No other issue is before us.

*Exceptions overruled.*