THOMAS J. KENNON, LIBLT.
*vs.*
CECELIA M. KENNON, LIBELEE

Kennebec.   Opinion, February 12, 1955.

*Joly & Marden,*
*F. Harold Dubord,* for libelant.

*Goodspeed & Goodspeed,* for libelee.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, TIRRELL, TAPLEY, JJ.   BELIVEAU, J., did not sit.

WILLIAMSON, J.   This is a libel of divorce brought by a husband on the grounds of extreme cruelty, cruel and abu-

sive treatment and gross and confirmed habits of intoxication from the use of intoxicating liquors. R. S., c. 153, § 55 (1944) as amended; now R. S., c. 166, § 55 (1954). The libel was entered at the June 1953 term of Superior Court in Kennebec County and was heard and decided at the February 1954 term by the presiding justice without a jury and without making findings of fact. Specific charges of the acts of cruelty and cruel and abusive treatment were filed by the libelant. The presiding justice denied the divorce and the case is before us on exceptions by the libelant. In his bill, the libelant says "This finding (dismissal of the libel) was plainly wrong and against the evidence and the preponderance of the evidence."

There are three principles governing our consideration of the case. First:

> "It is well established in this State that the general principle applicable to factual findings, i.e. that those made by the trier of fact will not be disturbed in appellate proceedings if supported by credible evidence, is controlling in divorce proceedings."

*Hadley* v. *Hadley*, 144 Me. 127, 130, 65 A. (2nd) 8 (1949) quoted with approval in *Geyerhahn* v. *Geyerhahn*, 148 Me. 534, 97 A. (2nd) 230 (1953).

The rule has also been stated in these words:

> "This Court can not review the findings of a single justice on questions of facts. He is the exclusive judge of the credibility of witnesses and the weight of the evidence; and only when he finds facts without evidence or contrary to the only conclusion which may be drawn from the evidence is there any error of law." *Bond* v. *Bond*, 127 Me. 117, 129, 141 A. 833 (1928).

Other illustrative cases are: *Mitchell* v. *Mitchell*, 136 Me. 406, 11 A. (2nd) 898 (1940); *Heaton* v. *Heaton*, 137 Me.

325, 14 A: (2nd) 708 (1940) ; *Alpert* v. *Alpert,* 142 Me. 260, 49 A. (2nd) 911 (1946) ; *Stewart* v. *Stewart,* 143 Me. 406, 59 A. (2nd) 706 (1948).

It is plain that the libelant takes nothing by his complaint that the decision was ". . . against the evidence and the preponderance of the evidence." He must bring the case within the rule stated above.

Second: Upon establishing a cause for divorce alleged in the libel, the libelant thereupon gains an absolute right to a divorce. In other words, it is not within the discretion of the court to grant or refuse a divorce, provided the libelant proves his case. The court must look to the statutes for the rules governing divorce. *Michels* v. *Michels,* 120 Me. 395, 115 A. 161 (1921). See annotation in 74 A. L. R. 271.

Third: Gross and confirmed habits of intoxication are a ground for divorce only if they continue to the time of the filing of the libel. It may be inferred, under certain circumstances at least, that such confirmed habits once proven continue to. exist in the absence of evidence to the contrary. *Fish* v. *Fish,* 126 Me. 342, 138 A. 477 (1927).

There is no dispute about the principles of law in the instant case. The difficulty lies in finding the facts to which the law must be applied.

It will serve no useful purpose to rehearse the unhappy story of this marriage from the record before us. There are no facts proven to compel the granting of a divorce either for extreme cruelty or cruel and abusive treatment. The incidents disclosed in the record were doubtless considered by the presiding justice in the setting of the entire married life of the parties.

Admittedly there was excessive use of liquor by the libelee for a period of their married life. There was, however, ample evidence that the evil habit (whether or not it had

reached the state of "gross and confirmed habits" under the statute) had ceased to exist more than a year prior to filing of the libel. In particular the court could have found that the libelee from January 1952 successfully taught in the public schools of the community where the family was living without returning to the conditions existing prior thereto.

In brief, the case presented questions of fact for the determination of the presiding justice. His ultimate finding for the libelee was based on credible evidence and, under the rules stated, must stand.

*Exceptions overruled.*