## In Equity.

### CHARLES W. MCKENNEY *vs.* FRANK W. WOOD.

### Cumberland.    Opinion August 4, 1911.

*Equity.   Judges.   Death of Judge.   Decree.   Unsigned Decree.   Trial.   Findings. Judge's Signature.   Equity Rule XXVIII.   Statute, 1881, chapter 68, section 9.   Revised Statutes, chapter 79, section 21.*

When a Justice of this court who has heard a cause in equity dies, or otherwise becomes incapacitated, before signing the decree, it is not competent for another Justice to settle and sign the decree; and in such event the case must stand for a new hearing.

Under equity rule 28 only the Justice who hears a cause in equity can settle and sign the decree, except by consent.

Since a statement of findings and rulings is not required to be filed in chancery practice by any statute or rule of court, such findings and rulings, if filed, whether signed or unsigned, are not effective but are subject to modification until the decree itself is signed.

In equity.    On report.    Case remanded for a new hearing.

Bill in equity brought by the plaintiff to enjoin the defendant from entering into and upon a certain lot or parcel of land and from cutting down any of the wood and timber standing thereon and hauling the same away and converting it to his own use.

The case is stated in the opinion.

*William Lyons, and Robert Treat Whitehouse,* for plaintiff.

*Foster & Foster, and Frank & Frank,* for defendant.

SITTING :    SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

SAVAGE, J.   This cause was heard on bill, answer and proof before the late Justice PEABODY, who on the very day of his death filed in the clerk's office an unsigned statement of his findings of fact and rulings thereon, the last clause of which was the following :— "A final decree to be signed accordingly."

After the death of Justice PEABODY, application was made to another Justice to settle and sign the decree. The adverse party objected. Thereupon the cause was reported to the Law Court, which is to determine (1.) whether the paper filed by Justice PEABODY is to be given the same effect as if it had been signed by him ; and (2.) whether the final decree can now be settled and signed by any other Justice.

Whether the statement of "the findings of fact and rulings thereon" was signed by the Justice who heard the case, we do not regard as of any great importance. Such findings and rulings, signed or unsigned, are at the outset merely tentative, that is to say, they are subject to modification until the decree is signed. They may be added to, or diminished, or otherwise changed by the Justice, of his own motion, or upon the motion of either party. There is no requirement in chancery practice, nor under any statute or rule of court, that such findings and rulings shall be filed. A decree alone is sufficient. *Pierce* v. *Woodbury*, 100 Maine, 22. If findings and rulings are filed and signed, they are not effective until the decree is signed, and of course it is the same if they are not signed. They are merely the basis for the decree. They are not the decree itself. If they are filed with the decree, or otherwise incorporated into it, it does not matter whether they have been signed or not.

A more important inquiry is involved in the second question. When the Justice who heard the cause is dead, or otherwise incapacitated, can another Justice settle and sign the decree? We think not. Equity Rule XXVIII, 103 Maine, 546, seems to be decisive. That rule, so far as material here, reads as follows :

"When a party is entitled to a decree in his favor, he shall draw the same and file it and give notice.

If corrections are desired, they shall be filed within five days after receipt of notice. If the corrections are adopted, a new draft shall be prepared and submitted to the Justice *who heard the case*, for approval. If they are not adopted, notice shall be given of the time and place when and where the matter shall be submitted to *such Justice* for decision, and *he shall settle and sign* the decree."

Under this Rule, only the Justice who heard the case can settle and sign the decree, except by consent. And justice, as well as the letter of the Rule, requires this interpretation. If such is not the Rule, it ought to be. Since the enactment of section 9 of chapter 68 of the Laws of 1881, it has been permissible, contrary to the ancient practice in equity, to take out the evidence in whole or in part, orally in the presence of the court, and not wholly by depositions. In fact, according to the present practice, nearly all of the testimony of witnesses is oral. The conclusions of the Justice hearing the cause may depend, and frequently do depend, not only upon the words of the witness, but upon his manner. The words can be reproduced afterwards, the manner cannot. As was said in *Young* v. *Witham*, 75 Maine, 536 :—"When the testimony is conflicting, the Judge has an opportunity to form an opinion of the credibility of witnesses not afforded to the full court. Often there are things passing before the eye of a trial judge that are not capable of being preserved in the record. A witness may appear badly on the stand and well in the record." The same observations apply to the case of one Justice who is called upon to settle a decree upon evidence taken out before another. He certainly is not bound by the conclusions of the Justice who heard the case, even if they have been expressed. The decree is his own judicial act, and must express his own conclusions. He cannot properly have any conclusions, except after hearing the case anew upon the record. But so far as the facts are concerned, the record, after all, is only a part of the case. Therefore it is that the Rule provides that the Justice who heard the case must settle and sign the decree. There are no exceptions. Fair dealing to the litigants will not permit any.

Rule XXVIII was amended in 1908, and the change in phraseology then made emphasizes the interpretation we place upon it. Previously the Rule provided that if proposed corrections to a decee were adopted, the new draft should be submitted to the *court* for approval. If not adopted, they were to be "submitted to the *court* for decision, in person or by sending the papers to some Justice, who shall settle and sign the decree," 82 Maine, 600. Under this

language it would seem that any Justice had authority to settle and sign decrees in cases heard by others.    The limitation in the amendment to "the Justice who heard the case" is significant, and the reason for the amendment is apparent.

It may be added that Rule XXVIII in its present form conforms to the letter and spirit of R. S., chap. 79, sect. 21, which provides that "the Justice before whom such hearing [in equity] are heard.    .    .    .    shall make and enter such order and decree as seems just and proper to him."

In accordance with the stipulation of the parties, the case must be remanded for a new hearing upon the merits, before a single Justice.

*So ordered.*