ROLLANDE F. DIONNE
*vs.*
RAYMOND J. DIONNE

Aroostook.  Opinion, October 30, 1959.

*George B. Barnes,*
*Roland A. Paige,* for plaintiff.

*Albert M. Stevens,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.  On exceptions.  This is a libel for divorce heard in the Superior Court for Aroostook County.  The libel alleged gross and confirmed habits of intoxication, cruel and abusive treatment, and extreme cruelty.  Upon

libelee's motion for specifications as to acts of cruel and abusive treatment and extreme cruelty the libelant was ordered to file specifications, and in compliance therewith confined her allegations on these grounds to one act, to wit: that the libelee struck her with his fist on May 10, 1955. By stipulation the case was submitted on so much of the legally admissible testimony as was given by certain witnesses in a previous jury trial in a suit brought by the libelee against the mother of the libelant for the alleged alienation of the affections of the libelant. The court specifically found that there was insufficient evidence to authorize the granting of a divorce on the ground of gross and confirmed habits of intoxication or on extreme cruelty and granted the divorce for the cause of cruel and abusive treatment. The court also awarded to the libelant the custody of the five children of the parties and ordered the libelee to pay Seventy-five Dollars per week for the support of such children together with a nominal sum payable annually as alimony to the libelant. Exceptions were taken by the libelee. For reasons hereinafter stated it is unnecessary to set forth the nature of these exceptions.

A divorce can be granted only upon the causes authorized by law and upon satisfactory proof. Because of the interest of the state in maintaining and preserving the marriage relation, it virtually becomes a third party in all divorce proceedings.

> "The State having a most important interest in the marriage relation is a party to the divorce proceeding just as much as the parties themselves, and, not like other contracts, the contract of marriage cannot be dissolved by the mere consent and agreement of the parties, . . ." *Monahan* v. *Monahan*, 142 Me. 72, 46 A. (2nd) 706.

See also *Sheffer* v. *Sheffer*, 136 Mass. 575, 56 N. E. (2nd) 13; *Linquist* v. *Linquist*, 137 Conn. 165, 75 A. (2nd) 397; *Smith* v. *Smith*, 69 R. I. 403, 34 A. (2nd) 726; NELSON,

DIVORCE AND ANNULMENT, Vol. 1, p. 17 (2d ed. 1945) ; 17 Am. Jur. 262; 27 C. J. S. Divorce Sec. 8b.

We believe that the interest of society in proceedings affecting the matrimonial relation, and especially those involving the custody of children, require that such proceedings be conducted in an atmosphere in which the attention of the court is directly centered upon the issues of the case before him, and under circumstances in which he may make such inquiries of the parties and other witnesses as he may deem necessary. We are aware of the fact that it is sometimes necessary to take depositions of witnesses, and in no way infer that such depositions in divorce cases do not constitute proper evidence for the court to consider.

The instant case was heard upon the record of certain testimony presented in another proceeding in which the issues involved were not the same. Although the same justice who heard the divorce case presided at the trial of the other proceeding, he was concerned in that previous trial with the issues of that case only, and not with the problems of a marriage dissolution or the custody of children. The stipulation between the parties in the case now before us effectively precluded the court from making inquiries which he might have made had the evidence in the instant case been taken out at the time of hearing. The stipulation contemplated the reception of no evidence except that provided for therein, and virtually prevented the court from requesting an investigation by the Bureau of Social Welfare as to the fitness of the respective parents to have the custody of the minor children, as provided by R. S., 1954, Chap. 166, Sec. 69. Furthermore, although it is apparent that the stipulation in this case was made in good faith and was not collusive, there is always some danger that continued practice along the lines followed in this case might in some case lead to collusion or omission or concealment of pertinent facts.

380

In the interest of public policy, and for the reasons set forth herein, the exceptions of the libelee are sustained. The entry ordered in this case is based solely upon the grounds discussed in this opinion, and is without prejudice to either party as to the merits of the case in the event of any further hearing on this libel.

The entry will be

*Exceptions sustained.*