Joan BOULAY

v.

Normand O. BOULAY.

Supreme Judicial Court of Maine.

Nov. 8, 1978.

Rocheleau & Fournier by Ronald P. Lebel, Lewiston (orally), for plaintiff.

Isaacson, Isaacson & Hark by Robert S. Hark, Lewiston (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

Defendant Normand O. Boulay and plaintiff Joan Boulay have appealed and cross-appealed, respectively, from a judgment of the Superior Court denying both plaintiff wife's claim and defendant husband's counterclaim for divorce. Both parties sought a divorce on the ground of cruel and abusive treatment.[1]

---

1. In October 1976 when plaintiff filed her suit for divorce and defendant four days later filed his counterclaim for divorce, 19 M.R.S.A. § 691 provided that "when the alleged cause [for divorce] is irreconcilable marital differences, *a divorce shall not be granted unless both parties have received counseling* by a professional counselor who is qualified in counseling . . and a copy of the counselor's report is made available to the parties and to the court. . . ." (Emphasis added) Subsequent to the hearing of this divorce action, section 691 was amended by P.L.1977, ch. 226, § 1, eff. October 24, 1977, to provide that court-ordered counseling may be required only when one spouse claims the existence of irreconcilable differences and the other spouse denies this claim. In such a situation the court "may continue the case and require both parties to receive counseling by a qualified professional counselor . . .," but the court is not obligated to make such an order. Thus, on and after October 24, 1977,

After completing hearings extending over two days in June 1977, the presiding justice died without having rendered a decision. The case was taken over by a second justice, who both parties agreed should decide the case on the basis of the trial transcript. Had the parties not consented to this procedure, the second justice would have had no alternative to ordering a new trial. *Cf. McKenney v. Wood,* 108 Me. 335, 80 A. 837 (1911); Annot., "Successor Judge: Power to Decide Case," 22 A.L.R.3d 992 (1968). Rule 63, M.R.Civ.P., does not authorize a second justice to act, in absence of the consent of the parties, where the justice who heard the testimony died before announcing his decision. But "with the parties' consent [the second justice] may act in all respects as if he had heard the case." [2] 2 Field, McKusick and Wroth, *Maine Civil Practice* § 63.3, p. 94 (2d ed. 1970).

The second justice entered a judgment denying both parties' claims for divorce, concluding that neither had satisfied the applicable burden of proof rule that requires a showing both 1) that the other spouse was guilty of cruel and abusive conduct and 2) that such conduct caused the complaining spouse to suffer physical or mental injury, or that a continuation of the marriage would jeopardize that spouse's physical or mental health. *Gruber v. Gruber,* 161 Me. 289, 292, 211 A.2d 583, 585 (1965). *See also Husbands v. Husbands,* Me., 239 A.2d 686, 687 (1968); *Dresser v. Dresser,* Me., 225 A.2d 395, 397 (1967).

Under the procedural circumstances of this case, the normal standard of appellate review, the "clearly erroneous" test of Rule 52(a), M.R.Civ.P., is inapplicable. "[W]here the trial judge decides a factual question on written evidence alone, [the Law Court] is as able as he to [be the] judge of credibility and so it will give no weight to his findings." 1 Field, McKusick and Wroth, *Maine Civil Practice* § 52.8, p. 692 (2d ed. 1970). *See Page v. Nissen,* Me., 254 A.2d 592, 594 (1969); *In Re Will of Edwards,* 161 Me. 141, 149, 210 A.2d 17, 21 (1965); *Thacher Hotel, Inc. v. Economos,* 160 Me. 22, 23, 197 A.2d 59, 60 (1964).

Having conducted our own independent review of the record in this case, we conclude that the justice below was correct.

---

"no fault" divorces have been readily available in Maine courts.

The Boulays' cross-charges of cruel and abusive treatment (made in their pleadings in October 1976 and elaborated with vigor in their testimony in the divorce hearing in June 1977), further reinforced in the course of protracted and spirited litigation on interim support motions, would appear to be overwhelming proof that "irreconcilable differences" exist between these spouses. The court finds it difficult indeed to fathom why, after October 24, 1977, both of the parties persisted in trying to persuade first the Superior Court and then this court on appeal that they had proved their counter-charges of cruel and abusive treatment, when they had available a much easier route to the mutually desired dissolution of their union. Trial courts and counsel alike should be alert to avoiding such unnecessary burden upon court resources and such exacerbation and prolongation of already bitter marital litigation.

2. Nothing said in *Dionne v. Dionne,* 155 Me. 377, 156 A.2d 393 (1959), conflicts with the procedure followed in this case. In *Dionne* the trial justice, by stipulation of the parties, rendered a decision (which granted a divorce on the ground of cruel and abusive treatment) solely on the basis of a written record made before the same justice in an earlier alienation-of-affections case. The *Dionne* court, as its reason for finding error below, stated that "the interest of society in proceedings affecting the matrimonial relation, and especially those involving the custody of children, require that such proceeding be conducted in an atmosphere in which the attention of the court is directly centered upon the issues of the case before him, and under circumstances in which he may make such inquiries of the parties and other witnesses as he may deem necessary." *Id.* at 379, 156 A.2d at 395. In the case at bar the first justice did have his attention "directly centered upon the [cruel-and-abusive-treatment] issues of the case before him, and under circumstances in which he [might] make such inquiries of the parties and other witnesses as he [might] deem necessary." No public policy interest in the present case was infringed by the second justice's deciding the cruel-and-abusive-treatment issue on the record so made before the first justice. We do not suggest that the parties could by stipulation prevent the second justice from requiring, if he had granted the divorce, that additional evidence be produced before him personally on such issues as child custody.

Neither spouse presented convincing evidence with regard to the second element of cruel and abusive treatment, requiring proof of actual or imminent mental or physical injury. In response to the leading question, "Are you feeling better since you have been separated?", the wife testified: "Yes. Everybody tells me I look good, and I'm OK." Similarly, the husband gave equivocal testimony regarding the alleged aggravation of an ulcer condition, conceding that he had been troubled by ulcers both before he met his wife in 1954 and since their separation. He also admitted that his drinking habits might be responsible for his ulcers.

Such evidence falls short of the requisite proof of physical or mental injury. The Superior Court did not err in refusing to grant a divorce to either party on the ground of cruel and abusive treatment.

The entry must be:

Appeal and cross-appeal denied.

Judgment affirmed.

It is further ordered that the husband pay to the wife $550 for her counsel fees on the appeal and cross-appeal. Costs on the appeal and cross-appeal are also allowed to the wife.

Case remanded to the Superior Court with instructions to enter an order for counsel fees allowed on appeal and for further proceedings not inconsistent with this opinion.

POMEROY, J., did not sit.