CHARLES G. VIELE and PRESSLY J. BARR, Pet'rs,

*vs.*

CHARLES W. CURTIS.

Penobscot.    Opinion October 3, 1917.

*Rule as to findings of fact by the court in jury-waived cases. Resulting and constructive trusts. Burden of proof to establish same. Rule as to letters written by trustee as bearing upon question of establishing trust.*

A petition for partition in which the petitioners allege themselves to be owners in fee of one-third each of the land sought to be divided and the respondent the owner of the remaining one-third. The respondent, answering the petition, denied the ownership of the petitioners and claimed by brief statement and by way of equitable defence title to the whole premises alleging that his wife, from whom petitioners claimed title by descent, held the premises in trust for him and his children.

The case was heard by the presiding Justice, without a jury, who held the petitioners to be owners in fee of the two-thirds of the premises and the respondent to be owner of the other one-third and the petitioners entitled to judgment for partition as prayed for.

On exceptions to his finding:

*Held*: That exceptions in jury waived cases are limited to rulings upon questions of law and the only question of law is whether there be any evidence to support the finding. If there be, the decision of the court must stand even if there was a large preponderance of the evidence the other way.

That the burden of proof of establishing resulting and constructive trusts is upon the party asserting their existence and this burden is sustained only by full, clear and convincing proof.

A letter subscribed by the alleged trustee, whether addressed to, or deposited with, the cestui que trust or not, or whether intended, when made, to be evidence of the trust or not, or whether made at the time the legal title was conveyed or later, will be sufficient to establish a trust where the subject, object and nature of the trust and the parties and their relations to it and each other appear with reasonable certainty.

That the letter relied upon by respondent to establish an express trust does not meet the requirements of law.

Petition for partition in which plaintiffs claimed each to be the owner in fee of one-third in common and undivided of the premises described in the petition and as claimed therein, the defendant being owner of the other one-third of said premises, The cause was heard without jury before single Justice, and his findings were that the petitioners were entitled to judgment for partition of the premises described in their petition and as therein prayed for. To the ruling of the single Justice, defendant filed exceptions. Exceptions overruled.

Case stated in opinion.

*Morse & Cook, and F. D. Dearth,* for plaintiffs.

*Carl C. Jones,* for defendant.

SITTING: BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J. This is a petition for partition in which the petitioners allege themselves to be the owners in fee of one-third each of the land sought to be divided and the respondent to be the owner of the remaining third.

The respondent, in answer to the petition, denied that the petitioners were each seized in fee of one-third of the premises and claimed under a double brief statement, by way of equitable defense, "an undefeasible title to the whole premises," alleging that his wife, from whom the petitioners claimed to have title by descent, held the premises in trust for him should she predecease him and in trust for his children by a former marriage, should he predecease her. The first brief statement sets up a constructive trust, the second an express trust.

The cause was heard by the Justice presiding without a jury and, after hearing the evidence, he found and ruled:—

1. That each of the petitioners is the owner in fee of one-third in common and undivided of the premises described in the petition, and, as claimed therein, that the respondent, Charles W. Curtis is the owner of the other one-third undivided, of said premises; and

2. That the petitioners are entitled to judgment for partition of the premises described in their petition and as therein prayed for.

To these findings and rulings the defendant excepted. The petition, pleadings and evidence are part of the bill of exceptions.

In jury waived cases, so far as the conclusion reached rests upon facts, the finding of the court is conclusive, unless the only inference

to be drawn from the evidence is a contrary one.  *Maine Water Co.* v. *Steam Towage Co.*, 99 Maine, 473, 475.  It has been held that the exception here noted presents a question of law.  *Morey* v. *Milliken*, 86 Maine, 464, 481.  If so, we must hold as such in the present case that the only inference to be drawn from the evidence is not contrary to that found by the court.

Exceptions in such cases, it is said in *Prescott* v. *Winthrop*, are limited to rulings upon questions of law and the only question of law is whether there was any evidence to support the findings.  If there was, the decision of the court must stand even if there was a large preponderance of the evidence the other way.  101 Maine, 236, 239. We think there was evidence to support the finding.  The credibility of the witnesses and the weight of the evidence was wholly for the Justice presiding.  The burden of proof of establishing resulting and constructive trusts is upon the party asserting their existence and this burden is sustained only by full, clear and convincing proof. *Provost* v. *Gratz*, 6 Wheat. 481, 494; *Culver* v. *Guyer*, 129 Ala. 602; *Whitmore* v. *Learned*, 70 Maine, 276, 285; *Fall* v. *Fall*, 107 Maine, 539; *Coombs, et als., Appellants*, 112 Maine, 445, 446.  We hesitate to conclude that the court erred in finding no satisfactory proof of a constructive trust or trust ex maleficio.

The express trust alleged is claimed to be proved by a letter written by the wife of defendant to her daughter.  It is urged that the letter "taken in connection with all the evidence is a written declaration of an expressed trust."  The letter is as follows:

"My dear Ada

You know that some years ago Mr. Curtis gave me a deed of our Dexter to me in accordance with a promise made before we were married, should he outlive me, he will naturally desire to have you and Charlie sign off your claims to the property as my heirs.  This I should wish you do on proper considerations.  Mr. Curtis owes me two thousand dollars of which he has had the use nearly ever since we were married.  This I wish him to pay to you and Charlie each one thousand, keep this paper in case you should ever need it as a proof of the desire of your affectionate mother,

                                        ANNIE VIELE CURTIS.

Dexter Maine Jan 22nd 1900."

It is undoubted law, that a letter subscribed by the trustee, whether addressed to, or deposited with, the cestui que trust or not, or whether intended when made to be evidence of the trust or not, or whether made at the time the legal title was conveyed or later, will be sufficient to establish the trust when the subject, object and nature of the trust, and the parties and their relations to it and each other, appear with reasonable certainty. *Bates* v. *Hurd*, 65 Maine, 180, 181; *McLellan* v. *McLellan*, Id., 500, 506. But the letter relied upon by plaintiff measures up to requirements no better than that considered in *Lane* v. *Lane*, 80 Maine, 570, 576, 577; which was held, as between husband and wife, to be insufficient.

Assume, however, what we by no means hold, that the letter was admissible as indirect evidence of a trust and that the statements of the letter may be supplemented by oral testimony, the question is one for a jury, and in this case for the presiding Justice, and, as already seen, to his findings of fact, no question of law arising, no exceptions lie. *State* v. *Peterson*, 68 Maine, 473, 475, 476; *Pettengill* v. *Shoenbar*, 84 Maine, 104, 106; *Fuller* v. *Smith*, 107 Maine, 161, 168. The exceptions must be overruled.

*So ordered.*