ALICE G. MICHELS, Lib't vs. CLARENCE E. MICHELS.

Cumberland.    Opinion November 1, 1921.

*An attempt of a husband to have his wife committed to an insane asylum if made in
good faith and in a sincere belief that her mental condition is such as to be for her
own good and that of her family that she thus be confined and treated, does not
constitute cruel and abusive treatment as a cause of divorce.    Other-
wise, however, if such attempt is wilfully made, and such conduct on
his part seriously affects her health, for that would constitute
cruel and abusive treatment within the meaning of the
statute, and she would be entitled to a decree of
divorce as a matter of legal right, assuming
the facts disclosed to be true.*

1.  If the attempt on the part of a husband to have his wife committed to an
insane asylum although unsuccessful, is made in good faith and in the sincere
belief that she is in such an unsettled mental condition that her own good and
that of her family require confinement and treatment in such an institution,
such an act lacks the essential element of cruel and abusive treatment as a
cause of divorce.

2.  If on the other hand the husband without just cause wilfully attempts to have
his wife committed to such an institution, such conduct on his part seriously
affecting her health, would constitute cruel and abusive treatment within the
meaning of the statute.    The motive which prompts the proceedings is the
controlling factor.

3.  Assuming the facts disclosed in the evidence for the libellant in this case to be
true, she was entitled to a decree of divorce as a matter of legal right.

On exceptions by libellee.    A libel for divorce alleging cruel and
abusive treatment, tried before a jury who found in favor of the
libellant.    A decree of divorce was entered, the custody of two minor
children given to the mother, and libellee ordered to pay money for
their support.    To the granting of the decree of divorce the libellee
excepted on the ground that the evidence did not sustain the allega-
tion of cruel and abusive treatment.    Exceptions overruled.

The case is fully stated in the opinion.

*William Lyons*, for libellant.

*W. R. & E. S. Anthoine.* for libellee.

Sitting: Cornish, C. J., Spear, Hanson, Dunn, Morrill, Deasy, JJ.

Cornish, C. J.    Libel for divorce heard by a jury who found in favor of the libellant on the allegation of cruel and abusive treatment. The presiding Justice thereupon entered a decree of divorce, granting the custody of the two minor children to the mother, and ordering the payment of money for their support.    To the entering of the decree the libellee filed exceptions.    The question presented is whether as a matter of law the evidence, which is made a part of the exceptions, warrants the decree, *Sweet* v. *Sweet,* 119 Maine, 81, or expressed in another form, whether as a matter of law taking the facts disclosed in the evidence for the libellant as true, they gave her an absolute right to a divorce.    *Freeborn* v. *Freeborn,* 168 Mass., 50.

"Cruel and abusive treatment" are words of comprehensive meaning and the charge covers a wide range of conduct.    *Holyoke* v. *Holyoke,* 78 Maine, 404.    The outstanding fact upon which the libellant places great emphasis in this case is the attempt of the libellee to have her committed to the State Hospital for the Insane.    On May 19, 1919, the husband made the necessary application to the municipal officers of Old Orchard, where the wife was then residing with her children, charging that she was insane, and praying for her commitment to the Augusta State Hospital.    Notice was thereupon ordered upon the wife, a hearing was held on May 21, 1919, and the testimony of two physicians who made an examination of her was taken, both of whom testified that in their opinion she was not insane. Other evidence was also given on both sides.

At the conclusion of the public hearing the proceedings were dismissed by the municipal officers.    This unsuccessful charge of insanity with its attendant publicity might or might not constitute cruel and abusive treatment.    It depends upon the motive which prompted the institution of the proceedings.    If the application although unsuccessful was made in good faith, in the honest and sincere belief that the wife was in such an unsettled mental condition that her own good and that of her family required confinement and treatment in such an institution, such an act would be regarded as lacking entirely the essential element of cruel and abusive treatment. *Reichert* v. *Reichert,* 124 Mich., 675.    It would spring from kindness rather than cruelty.

If on the other hand the husband without just cause, wilfully attempted to have her committed to an insane asylum, such conduct seriously affecting her health, would obviously constitute cruel and abusive treatment within the meaning of the statute. In other words it was not merely the act itself, but the motive which inspired the act that was to be rigidly inquired into and determined by the jury. As bearing upon this issue the evidence was necessarily voluminous. It would be futile to rehearse it.

One significant fact, however, which must have carried great weight is that in July, 1919, only two months after his failure to secure her commitment, Mr. Michels instituted proceedings in the Probate Court for Berkshire County, Massachusetts, where he was residing, to have a conservator appointed to take charge of his wife's property, alleging in his petition that by reason of mental weakness she had become incapacitated to properly care for her property. This petition was signed by a sister of the libellant as well as by the libellee. It was duly served on Mrs. Michels but was subsequently dismissed by agreement. Here again, the question of good faith or wilful persecution on the part of the husband was the crucial point, and as bearing strongly on that, it satisfactorily appears that Mrs. Michels had never lost a dollar of her property by unwise investments and that she had wasted none. So that his attempts to deprive her of her liberty and of the management of her property both failed. We are constrained to say that the allegations of the libellant concerning these two proceedings are founded upon substantial evidence.

In addition to these specific and notorious acts, the libellant testified to her general treatment by her husband during a series of years. Even the printed page reveals something of the atmosphere that must have pervaded the home life, and the cold, neglectful, unsympathetic and surly attitude of the husband, resulting in her finally leaving him, taking her two children with her, and declaring that she could never return. She was undoubtedly of a highly nervous temperament, and was for a considerable period on the verge of a nervous breakdown. In that condition she needed the tender care and kindly treatment which his marriage vow demanded, instead of neglect at home or confinement in an insane hospital away from her home and children.

Without further discussing the evidence it is sufficient to say that in the opinion of the court, the libellant under the facts presented was entitled to her decree of divorce as a matter of law, and the entry must be,

*Exceptions overruled.*