KAREN ANN GRUBER
*vs.*
HOWARD MICHAEL GRUBER

Cumberland.   Opinion, July 1, 1965.

*Harry H. Marcus,*
*James R. Desmond,* for Plaintiff.

*Norman S. Reef,*
*Herbert H. Bennett,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, MARDEN, JJ.   RUDMAN, J., did not sit.

TAPLEY, J.   On appeal.  The plaintiff, Karen Ann Gruber, instituted divorce proceedings against her husband, Howard Michael Gruber.  The case was heard by a single justice, as a contested case, on November 9, 1964 in the

Superior Court, within and for the County of Cumberland. The justice filed a judgment of divorce on December 3, 1964, favoring the plaintiff, for the cause of cruel and abusive treatment. The judgment also gave care and custody of minor children to the plaintiff, with rights of visitation granted to the defendant and he, the defendant, was ordered to make weekly payments to the plaintiff for the support of the minor children. The defendant has appealed this judgment.

The justice made certain findings of fact, as well as conclusions of law. The pertinent findings of fact, in light of the issues before us, are as follows:

"III.

"That the Defendant, in Lewiston, Maine in May 1963, induced a 17 year old girl, who appeared as witness in these proceedings, to pose for indecent and improper photographs taken by him, the said Defendant.

IV.

"That prior to the commencement of the divorce proceedings the Defendant displayed nude photographs of his wife, the Plaintiff herein, to one Arnold Brynes.

V.

"At diverse times during the existence of the marriage relationship of the Defendant and Plaintiff, the Defendant maintained a surly, ugly, disagreeable attitude and conduct toward the Plaintiff so that it isolated her from the natural sociability and environment of her married life, and further that during this period due to all the above, she was forced to take tranquilizer pills, sleeping pills and other medication to enable her to take care of her children and home.

## VI.

"That though the Plaintiff and Defendant continued to have sexual intercourse with each other until shortly before the separation on July 21, 1964, the Plaintiff did not condone the actions of the Defendant.

## VII.

"That the action of the defendant in taking the indecent photographs of the 17 year old girl in Lewiston, Maine became known to the Plaintiff and such conduct did in fact have deleterious effect upon the health of the Plaintiff.

## VIII.

"That the Plaintiff has established by the greater weight of evidence that she was faithful to her marriage obligations."

The points on appeal filed by the defendant present the issue as to whether or not the findings and rulings of the sitting justice are sustained by the evidence. The "clearly erroneous" test is applicable. *Harriman* v. *Spaulding,* 156 Me. 440. The justice below found the defendant, upon the evidence, guilty of cruel and abusive treatment.

The gist of the appellee's evidence before the presiding justice was (1) that in May of 1963 her husband took pictures of a 17-year old girl who posed for him indecently which she discovered in June of 1963; and (2) in May of 1964 they were at a lake with friends, at which time an argument occurred between them, resulting in a situation which Mrs. Gruber described as follows:

"A.  - - - - - - He just wanted me to apologize to her and I said: 'I am not going to.' He followed me around, took his watch off, smashed it; he pulled a necklace off my neck and threw some sawdust down the front of my sweater. I told him to stay away from me. I said: 'Get

away, Howard.' He said: 'No, I will never leave you alone.' He said: 'Go over and apologize.' I said: 'I won't.' So he insisted on plaguing me.

Q. Did he throw any rocks at you?

A. Yes. I walked up to the parking lot; I wanted to get in the car and get out. He picked up a handful of rocks and started throwing them at me and chased me around the parking lot tossing rocks at me and repeatedly kicked me in the leg.

Mr. REEF: I move that be stricken. The question was: did he throw any rocks.

The COURT: The answer may stand.

Q. Were you afraid of your husband?

A. Yes."

The plaintiff testified further that her husband showed a special interest in the wife of a mutual friend.

It is well settled in this State, as well as in many other jurisdictions, that proof of cruelty alone is not sufficient upon which to base a judgment of divorce. It must be affirmatively shown by the plaintiff in a divorce action that the acts complained of caused a consequential effect of an impairment of physical or mental health or an apprehension of danger to life.

"Divorce should not be a panacea for the infelicities of married life; if disappointment, suffering, and sorrow even be incident to that relation, they must be endured. The marriage yoke, by mutual forbearance, must be worn, even though it rides unevenly, and has become burdensome withal. Public policy requires that it should be so. Remove the allurements of divorce at pleasure, and husbands and wives, will the more zealously strive to even the burdens and vexations of life, and soften by mutual accommodation so as to enjoy their marriage relation.

"Deplorable as it is, from the infirmities of human nature, cases occur where a wilful disregard of marital duty, by act or word, either works, or threatens injury, so serious, that a continuance of cohabitation in marriage cannot be permitted with safety to the personal welfare and health of the injured party. Both a sound body and a sound mind are required to constitute health. Whatever treatment is proved in each particular case to seriously impair, or to seriously threaten to impair, either, is like a withering blast, and endangers 'life, limb, or health,' and constitutes the (6) cause (cruel and abusive treatment) for divorce in the act of 1883. Such is the weight of authority." *Holyoke* v. *Holyoke,* 78 Me. 404, at 411.

See *Bond* v. *Bond,* 127 Me. 117; also 27A C.J.S. — Divorce —Sec. 25.

A plaintiff in a divorce action, relying upon the grounds of cruel and abusive treatment, must, by a preponderance of the evidence, prove two elements: (1) the cruel and abusive conduct of plaintiff's spouse, and (2) that such conduct caused the plaintiff physical or mental injury or that a continuation of the marriage relationship would jeopardize physical or mental health. Failure to prove either or both is fatal.

When questioned as to plaintiff's reactions upon seeing the nude pictures of a young girl taken by her husband, she answered that she was not shocked but was upset.

In her recital of the lake episode, she answered the question, "Were you afraid of your husband?"

A. "Yes."

Other than the two above cited incidents there was no other testimony relating to the effect upon her resulting from the claimed acts of cruelty. She produced no witnesses, either medical or otherwise, to prove she suffered

in mind or body as a consequence of any cruel and abusive treatment inflicted upon her by her husband. She has failed to meet the required burden of proving one of the essential elements "that a continuance of cohabitation in marriage cannot be permitted with safety to the personal welfare and health of the injured party."

A review of the record will show a lack of that quality of evidence having the necessary probative force to prove any *detrimental effect* upon the plaintiff.

> "Libellant's testimony indicated that she did not consider her life endangered by her husband's alleged cruelties. - - - - The complaint of cruelties will not be further considered." *Megoulas* v. *Megoulas,* 72 A. (2nd) 598, 599 (Pa.).

We find insufficient evidence in the record to sustain the presiding justice in his findings that the defendant was guilty of cruel and abusive treatment as alleged by the plaintiff.

The conclusion we have reached makes it unnecessary to consider the issue of condonation.

The order is:

*Appeal sustained.*