Christine **HUSBANDS**

v.

Russell **HUSBANDS.**

Supreme Judicial Court of Maine.

March 18, 1968.

Edward J. Berman, Portland, for plaintiff.

Russell Husbands, pro se.

Before WILLIAMSON C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

Hearing was had on the plaintiff's complaint for divorce in the Cumberland County Superior Court. The court heard the testimony of the plaintiff herself and her mother and father. The defendant, although present personally and represented by counsel, chose not to testify and rested at the completion of the plaintiff's evidence. The court then rendered a judgment of divorce for the cause of cruel and abusive treatment.

The sole issue raised by defendant's appeal is whether the evidence warranted a finding by the court that the defendant was guilty of cruel and abusive treatment.

The requirements as to sufficiency of evidence to justify a judgment of divorce on the ground of cruel and abusive treatment have been discussed by this court several times.

"Divorce should not be a panacea for the infelicities of married life. If disappointment, suffering, and sorrow even be incident to that relation, they must be endured. The marriage yoke, by mutual forbearance, must be worn, even though it rides unevenly, and has become burdensome withal. Public policy requires that it should be so. Remove the allurements of divorce at pleasure, and husbands and wives will the more zealously strive to even the burdens and vexations of life, and soften by mutual accommodation, so as to enjoy their marriage relation.

"Deplorable as it is, from the infirmities of human nature cases occur where a willful disregard of marital duty by act or word either works or threatens injury so serious that a continuance of cohabitation in marriage cannot be permitted with safety to the personal welfare and health of the injured party.

"Both a sound body and a sound mind are required to constitute health, and whatever treatment is proved in each particular case to seriously impair, or to seriously threaten to impair, either is like a withering blast, and endangers 'life, limb, or health', and constitutes the (6) cause (cruel and abusive treatment) for divorce in the act of 1883. Such is the weight of authority." Holyoke v. Holyoke, 78 Me. 404, 6 A. 827 (1886).

"The law does not ensure perfect marital bliss, but the Legislature has directed the courts of this state to grant an absolute divorce when a continued course of treatment has so affected the other party that his or her health and perhaps eventually

life is jeopardized." Bond v. Bond, 127 Me. 117, 132, 141 A. 833 (1928).

"It is well settled in this State, as well as in many other jurisdictions, that proof of cruelty alone is not sufficient upon which to base a judgment of divorce. It must be affirmatively shown by the plaintiff in a divorce action that the acts complained of caused a consequential effect of an impairment of physical or mental health or an apprehension of danger to life." Gruber v. Gruber, 161 Me. 289, 211 A.2d 583 (1965).

The justice here heard testimony from the plaintiff that during the two years in which they lived together her husband frequently subjected her to both mental and physical discomfort. She complained that her husband deceived her as to his use of the family money, requiring her to use her own money for their family living expenses on the pretext that he would purchase bonds for their joint benefit with his salary. He failed to carry out his agreement and he caused her great concern because of his failure to pay bills which he had incurred. He drank heavily and then when irritated he became enraged and threatened her. He was critical and contemptuous of her in the presence of their friends. Once after an argument he forced her to get down on her hands and knees and kiss his feet telling her that she would never leave the bedroom until she did this. She testified that his conduct caused her to fear him and to become very nervous and to have crying spells. After two years of marriage there came a week during which he administered severe physical beatings to her on five of the seven nights leaving marks and bruises on her arms, legs and shoulders and breaking a tooth by a blow to her mouth. At this point she separated from him and she testified that since the separation he jumped upon her back once in the street demanding money and striking her and she escaped him only when his brother interrupted him. On another occasion when she was conducting a Brownie meeting he entered the hall and struck her in the presence of the young girls, forcing her to run to the janitor's residence to evade him.

Both the plaintiff's mother and father corroborated her testimony to the extent that when she separated from defendant and returned to their home they observed her to be in a highly nervous state, that she was crying and that they saw dark bruises on her arms, shoulders and hips. Once the mother asked the defendant why he hit her daughter and the defendant made no answer to the question.

The credibility of the plaintiff and the two witnesses and the evidentiary value of their testimony was for the presiding justice's determination. Viele et al. v. Curtis, 116 Me. 328, 101 A. 966 (1917). Although present in court, the defendant did not dispute their charges. While the presiding justice is not required to accept their testimony as truth simply because it was not contradicted (Mitchell v. Mitchell, 136 Me. 406, 11 A.2d 898 (1940)) it was within the defendant's power and to his interest to attempt to disprove their evidence, if it was false, and his failure to attempt to do so may properly have strengthened the justice's evaluation of the probative force of their testimony. 32A C.J.S. Evidence § 1038.

We apply the "clearly erroneous" rule. M.R.C.P. Rule 52(a) reads in part:

"* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *

The presiding justice made no specific finding of fact. He was not requested to do so. M.R.C.P. Rule 52(a). His judgment that she was entitled to a divorce on the grounds of cruel and abusive treatment is supported by credible evidence and is not clearly wrong when tested against the standards previously established by this

court including those of *Gruber, Bond* and *Holyoke*.

Appeal denied.

DUFRESNE, J., sat at argument, but did not participate in the decision.