**Virginia H. SMALL**

v.

**Beverly O. SMALL.**

Supreme Judicial Court of Maine.

Aug. 6, 1976.

---

Vafiades, Brountas & Kominsky by Susan R. Kominsky, Lewis V. Vafiades, Esq., Bangor, for plaintiff.

Hale & Hamlin, Ellsworth, by Barry K. Mills, Blue Hill, Paul B. Fitzgerald, Ellsworth, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

Plaintiff Virginia H. Small and defendant Beverly O. Small were married in 1952. On April 30, 1974, the plaintiff commenced divorce proceedings by filing a complaint against the defendant in the District Court. The defendant responded with an answer and counterclaim and exercised his right to have the case removed to the Superior Court. M.D.C.Civ.R. 73(b). After the close of all the evidence the presiding Justice granted a divorce to the plaintiff on the ground of cruel and abusive treatment and denied the defendant's counterclaim.[1]

The defendant's appeal from the judgment raises the single issue of the sufficiency of the evidence to support the court's finding of cruel and abusive treatment of the wife by the husband. We hold that the presiding Justice's finding was warranted by the evidence, and deny the appeal.

"Cruel and abusive treatment" became recognized as a ground for divorce in this State with the enactment some ninety-three years ago of P.L.1883, ch. 212. It remains, of course, one of the grounds for divorce denominated in our present divorce statute, 19 M.R.S.A. § 691. This Court has on numerous occasions faced the question of whether certain proven conduct constitutes cruel and abusive treatment within the meaning of the statute. See, *e.g., Holyoke v. Holyoke,* 78 Me. 404, 6 A. 827 (1886); *Leach v. Leach,* Me., 8 A. 349 (1887); *Michels v. Michels,* 120 Me. 395, 115 A. 161 (1921); *Bond v. Bond,* 127 Me. 117, 141 A. 833 (1928); *Gruber v. Gruber,* 161 Me. 289, 211 A.2d 583 (1965); *Dresser v. Dresser,* Me., 225 A.2d 395 (1967); *Husbands v. Husbands,* Me., 239 A.2d 686 (1968); *Utz v. Utz,* Me., 273 A.2d 303 (1971).

In a divorce proceeding an allegation of cruel and abusive treatment embodies two elements. A plaintiff seeking a divorce on this statutory ground must prove, by a preponderance of the evidence, "(1) the cruel and abusive conduct of plaintiff's spouse, and (2) that such conduct caused the plaintiff physical or mental injury or that a continuation of the marriage relationship would jeopardize physical or mental health." *Gruber,* supra, 161 Me. at 293, 211 A.2d at 585.

It must be frankly acknowledged that cruel and abusive treatment is a legal concept which is not susceptible of a precise hornbook definition. Every marriage is unique, and conduct on the part of a spouse which one person might find inoffensive might well have a serious detrimental effect on another individual:

> Temperament and character so widely differ that conduct cruel to one might scarcely annoy a more callous nature.

---

* Mr. Justice Weatherbee sat at oral argument and participated in conference but died before this opinion was adopted.

1. The record on appeal originally failed to include the Superior Court's entry of judgment on the defendant's counterclaim, and we were obliged to remand the case to the Superior Court for correction of this deficiency.

Having in mind the sacred character of the marital relation, and its influence on the happiness and purity of society, as well as upon individuals, not overlooking considerations that may not be freely discussed, *each particular case must be judged of by its own particular facts and circumstances.*

*Holyoke,* supra, 78 Me. at 410–11, 6 A. at 828. (Emphasis added.) See also *Bond,* supra, 127 Me. at 133, 141 A. at 839.

■ With these legal principles in mind, we turn to the evidence on which the judgment below is predicated. In addition to the litigants, the Court heard testimony from the couple's married daughter and the plaintiff's father. Based on all the evidence in the record, the presiding Justice could have made the following factual findings[2]:

■ Plaintiff and defendant were married in 1952. They have a son and daughter, both of whom had attained the age of eighteen at the time this litigation began.

The parties' marriage, which was originally mutually satisfactory, was marked by a gradual deterioration which gained momentum when the two children reached the age of majority and left the household. The defendant, a self-employed carpenter, withdrew from his wife to the extent of not speaking to her for as long as five months at a time. He ignored her efforts to discuss even such routine matters as family finances and minor repairs around the house. On several occasions the defendant "fixed" his wife's car so that it could not be started. The defendant's efforts at communication with his wife became limited to occasional sexual overtures which the plaintiff found particularly repulsive in light of the defendant's rather sporadic bathing habits. The defendant,

moreover, insisted on engaging his wife in sexual intimacies which she found personally offensive.

The plaintiff became increasingly upset and nervous as a result of the failing marriage. During the year immediately prior to trial, her weight declined from one hundred twenty-eight to one hundred two pounds, a loss which is at least partly attributable to her depressed state of mind over her marriage. The plaintiff feared that she would suffer a mental as well as a physical "breakdown" if she continued to live with the defendant and consequently chose to live apart from him beginning at approximately the same time she brought this action.

These assumed factual findings are legally sufficient to support a decree of divorce on the ground of cruel and abusive treatment. Both elements of the *Gruber* test, supra, were satisfied.

This case is distinguishable from *Dresser,* supra, which it resembles in some respects. In *Dresser,* there was credible evidence that excessive drinking by the husband had caused the wife to lose weight and develop a case of "nerves." We concluded that this evidence, without more, did not warrant a finding of cruel and abusive treatment of the wife by the husband: "[W]e are unable to find that the drinking habits of the husband resulted in the injury to the wife, either mentally or physically, sufficient to come within the statutory cause of cruel and abusive treatment." Id., 225 A.2d at 397.

The fatal defect in the wife's case in *Dresser* was her failure to meet the second part of the *Gruber* test, *i.e.,* to show that her husband's conduct had caused her "physical or mental injury or that a contin-

2. In view of the failure of either party to request the court to make designated findings of fact, M.R.Civ.P. 52(a), the judgment contains no such findings. This Court must thus proceed on the now familiar assumption that the presiding Justice found all the facts necessary to support his ultimate decision. *Cobb v. Cougle,* Me., 351 A.2d 110, 111, n. 1 (1976); *Boynton v. Adams,* Me., 331 A.2d 370, 374–75 (1975).

uation of the marriage relationship would jeopardize physical or mental health."

In the instant case the plaintiff, like the wife in *Dresser*, suffered a loss of weight and was nervous and upset as a result of the defendant's conduct. Under *Dresser*, these symptoms alone are not sufficient to satisfy part two of the *Gruber* test. The critical difference between this case and *Dresser*, however, is the presence in this record of credible evidence that a perpetuation of the marriage would endanger the plaintiff's physical and mental health. Both the plaintiff herself and her father gave testimony to this effect. The second part of the *Gruber* test is satisfied *either* by evidence "that [the defendant's] con-duct caused the plaintiff physical or mental injury," *or* by evidence "that a continuation of the marriage relationship would jeopardize [the plaintiff's] physical or mental health." There was evidence to justify the latter finding here.

The record in this case reveals more than merely a "history of an unhappy marriage," *Dresser*, supra, at 398 and we conclude that the presiding Justice had before him sufficient evidence to warrant his decree granting a divorce to the plaintiff on the ground of cruel and abusive treatment.

The entry is:

Appeal denied.

All Justices concurring.