**Beatrice CONOVER**

v.

**Austin M. CONOVER, Sr.**

**Beatrice CONOVER**

v.

**Austin M. CONOVER, Sr. and
William Chaplin.**

Supreme Judicial Court of Maine.

July 3, 1979.

**353**

Kurtz & Myers by Douglas M. Myers (orally), South Paris, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Ernest J. Babcock (orally), Portland, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Consolidated for trial by the court were plaintiff's divorce action and her claim for equitable relief from the defendant's alleged fraudulent conveyance of marital property in contemplation of divorce. The presiding justice denied plaintiff's divorce complaint,[1] entered judgment for the defendant upon the fraudulent conveyance action,[2] and denied motions for a new trial. Asserting that the presiding justice erred in not finding that the plaintiff had sustained her burden of proof upon at least one of the four alleged grounds for divorce, plaintiff appeals.

We deny the appeals.

1. The justice below also denied defendant's counterclaim for divorce, from which action the defendant does not appeal.

2. Plaintiff also appeals this entry of judgment. Our disposition of the plaintiff's appeal in the divorce action, however, makes any extended consideration of the equitable matter unnecessary. Marital property is a concept that is

## FACTS

Based upon all of the evidence within the record the presiding justice could have found the following to be facts:

Mr. and Mrs. Conover, ages 79 and 78 respectively, were married on August 15, 1960, and moved shortly thereafter to Bethel, Maine, where Mr. Conover had purchased a home. Until Mr. Conover required hospitalization in January 1975, Mr. and Mrs. Conover resided together at that home. In March 1975 relatives of Mr. Conover removed him from the Portland hospital where he had been treated to their homes in New Jersey, where the climate was more suitable for his condition and where he would be within close proximity to a hospital in the event of his need for immediate medical attention. Mr. Conover has continued to live in New Jersey while Mrs Conover has maintained her residence in Bethel.

Following Mr. Conover's hospitalization until March 1976, Mrs. Conover's support consisted of a social security allowance based upon her thirty-five years of work and a portion of Mr. Conover's railroad retirement entitlement that was allocated to her. On March 5, 1976, Mr. Conover began making monthly support payments of one hundred dollars per month.

On account of his ill health Mr. Conover has incurred substantial medical expenses, a significant portion of which are not covered by any private or governmental medical insurance program. Mr. Conover's incapacitation as the result of his illness has also increased the cost of his daily maintenance.

## REVIEW OF FINDINGS

Special findings of fact not having been requested pursuant to Rule 52(a), M.R. Civ.P., and the presiding justice having volunteered none, we must assume that the

relevant only after a divorce has been granted or a legal separation has occurred. 19 M.R. S.A. § 722–A(1). *Fournier v. Fournier*, Me., 376 A.2d 100, 102 (1977). Since there is to be no divorce, the premise undergirding this claim for relief no longer exists. That appeal must be denied.

trial justice resolved favorably to the appellee all facts necessary to support his decision. *See, e. g., Auto Sales & Finance Company v. Paul Seavey,* Me., 401 A.2d 648 (1979); *Small v. Small,* Me., 362 A.2d 178, 180 n.2 (1976). The plaintiff pleaded four grounds for divorce:[3] cruel and abusive treatment, utter desertion,[4] nonsupport[5] and irreconcilable marital differences.[6] Without a stipulation upon the record that the parties did not intend to litigate all of those grounds, we must take as granted that the justice below found that the plaintiff had failed to satisfy her burden of proof upon each of the four assertions. The scope of review of these assumed findings of fact is restricted to a determination of whether the findings are clearly erroneous. M.R.Civ.P. 52(a); *Husbands v. Husbands,* Me., 239 A.2d 686, 687 (1968). Findings of fact supported by credible evidence are not clearly erroneous. *See, e. g., Jolicoeur v. Kennebec Water District,* Me., 356 A.2d 193, 195 (1976); *Husbands v. Husbands,* 239 A.2d 687.

■ The record supports the assumed findings that the plaintiff failed to fulfill her burden of persuasion with respect to each of the four asserted grounds for divorce.

### Cruel and abusive treatment

To prove cruel and abusive treatment as grounds for divorce appellant had the burden of showing

> both 1) that the other spouse was guilty of cruel and abusive conduct and 2) that such conduct caused the complaining spouse to suffer physical or mental injury, or that a continuation of the marriage would jeopardize that spouse's physical or mental health.

*Boulay v. Boulay,* Me., 393 A.2d 1339, 1340 (1978).

The only evidence presented by the appellant with regard to any physical or mental

---

3. In November 1975, when the plaintiff filed her divorce complaint, Maine law provided:

> A divorce from the bonds of matrimony may be decreed in the county where either party resides at the commencement of proceedings, for causes of adultery, impotence, extreme cruelty, *utter desertion continued for 3 consecutive years next prior to the filing of the complaint,* gross and confirmed habits of intoxication from the use of intoxicating liquors, opium or other drugs, *cruel and abusive treatment or the marital differences are irreconcilable and the marriage has broken down or,* on the complaint of the wife, where the husband being of sufficient ability or being able to labor and provide for her, grossly or wantonly and cruelly refuses or neglects to provide suitable maintenance for her . ..

19 M.R.S.A. § 691 (Supp. 1975) (amended by P.L.1977, ch. 226, § 1; P.L.1977, ch. 465, §§ 1, 2) (emphasis supplied).

4. Although the plaintiff within her complaint alleged "abandonment" as a grounds for divorce, we assume that the plaintiff was alleging facts constituting "utter desertion."

5. Defendant did not challenge the provision allowing nonsupport as a grounds for divorce only upon the complaint of the wife. That portion of the statute was amended by P.L. 1977, ch, 226, § 1, to provide:

> F. Nonsupport, where one spouse being of sufficient ability to provide for the other spouse, grossly or wantonly or cruelly refuses or neglects to provide suitable maintenance for the complaining spouse;

19 M.R.S.A. § 691(1) (Supp. 1978).

6. Also amended in 1977 was the requirement of marital counseling prior to the grant of a divorce on grounds of irreconcilable differences. At the time of the trial of the instant divorce complaint, Maine law stated:

> If one party alleges that there are irreconcilable marital differences and the opposing party denies that allegation, the court upon its own motion or upon motion of either party may continue the case and require both parties to receive counseling by a qualified professional counselor to be selected either by agreement of the parties or by the court. The counselor shall give a written report of his counseling to the court and to both parties. The failure or refusal of the party who denies irreconcilable marital differences to submit to such counseling without good reason shall be prima facie evidence that the marital differences are irreconcilable.

19 M.R.S.A. § 691(1) (Supp. 1978).

Since § 691 was amended without a saving clause, that portion of the post-1977 statute that sets forth the procedure to be followed when irreconcilable differences are alleged was applicable to the instant case heard in 1978. *Hawke v. Hawke,* Me., 395 A.2d 449, 451 (1978).

injury that she may have suffered was her own testimony regarding her anxiety with respect to her ability to satisfactorily support herself. Even assuming that such anxiety could be attributed to the willful conduct of Mr. Conover and further assuming that Mrs. Conover's fears approached a degree constituting mental injury, the justice below as the trier of fact could, nevertheless, disbelieve the testimony of Mrs. Conover, an interested party in the proceedings. *Auto Sales & Finance Company v. Paul Seavey*, 401 A.2d 648. The trial justice, therefore, could appropriately conclude that the appellant had failed to satisfy her burden of persuasion with respect to the existence of cruel and abusive conduct.

### Utter desertion

There is no evidence that Mr. Conover had deserted his wife for three consecutive years prior to the November 1975 commencement of this action. They had lived together until his hospitalization in January 1975.

### Nonsupport

From February 1975 until March 1976 Mrs. Conover received a total of two hundred eighty-six dollars per month from social security and an allocation of Mr. Conover's railroad retirement allowance. Beginning March 5, 1976, Mr. Conover contributed one hundred dollars per month. During the period of time between Mr. Conover's hospitalization and the commencement of support payments to Mrs. Conover, Mr. Conover was a seriously ill, aged gentleman with limited resources who was incurring substantial medical expenses over and above that payable by governmental agencies or privately funded insurance programs.[7] During that same period of time Mrs. Conover was able to subsist on the payments made by social security, the rail-

road retirement and her own savings. In view of the relative financial capabilities of both parties, the presiding justice could have rationally concluded that even if Mr. Conover had "refused" to support his wife beyond what was then being contributed, such refusal was not done "grossly, or wantonly and cruelly." 19 M.R.S.A. § 691 (1975 Supp.); *see Mazerolle v. Mazerolle*, Me., 380 A.2d 1029, 1030 (1977).

### Irreconcilable marital differences

Although the evidence presented was uncontradicted in its portrayal of the differences between Mr. and Mrs. Conover and a breakdown in their marriage, credible evidence supported a finding that these differences were not irreconcilable. Mrs. Conover stated, "I have nothing against Austin. He's a prince." When asked whether she desired a divorce, Mrs. Conover replied, ' I don't want to be divorced." Mr. Conover stated that he had no ill feelings toward his wife and that his feelings toward her were positive. He further stated that as far as he was concerned the marriage was a happy one. The justice below, therefore, could have appropriately determined any differences between Mr. and Mrs. Conover were not "irreconcilable."

The entries are:

Appeals denied.

Judgments affirmed.

McKUSICK, C. J., and DELAHANTY, J., did not sit.

---

7. There was also testimony that, to the date of the divorce hearing, Mr. Conover had paid $4,439.87 as attorney's fees and $2,500.00 for room and board.