Robert A. BROWN

v.

Burton MacDONALD et al.[1]

Supreme Judicial Court of Maine.

Argued Jan. 11, 1982.

Decided Aug. 10, 1982.

Linnell, Choate & Webber, G. Curtis Webber (orally), Auburn, for plaintiff.

Thomas M. Mangan (orally), Lewiston, for Warchalowski.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

This case first reached this Court as *Warchalowski v. Brown*, Me., 417 A.2d 425 (1980). Following remand on one of the two actions which were consolidated in that appeal, an additional hearing was held and the judgment which is the subject of this appeal was entered. The issues now before us involve a review of the action of the Oxford County Commissioners pursuant to M.R.Civ.P. 80B. The Plaintiff, Robert A. Brown, contends that the Superior Court erred in finding that the Commissioners made the necessary finding of unreasonableness in the failure of the Selectmen of the Town of Buckfield to lay out a private way. He also contends that the trial court

---

1. The briefs for both Plaintiff and Defendants in this case reflect a belief that the Inhabitants of the Town of Buckfield is still a party. However, the record reveals an agreement to dis- miss the town at the pre-trial conference, and it has not appeared in this litigation since that time.

erred in refusing to consider his objections to a referee's report in this matter when it had not ruled upon those objections when they were made, on November 9, 1978, before the *Warchalowski* appeal.

We sustain the Superior Court on the issue of unreasonableness but remand for consideration of Brown's other objections to the referee's report.

The facts which underlie this action were fully presented in *Warchalowski v. Brown, supra,* and need not be repeated here. That appeal arose from the action of the Superior Court in a Rule 80B review in sustaining an objection made by Brown to the report of a referee who first considered the evidence in this matter.[2] The justice who sustained that objection expressly declined to reach another of Brown's objections to the report and made no mention of Brown's three remaining objections.

Acting on that single objection, this Court remanded the Rule 80B review for a determination by the Superior Court whether the Oxford County Commissioners had actually made the necessary determination under 23 M.R.S.A. § 3006[3] (since repealed) that the Buckfield selectmen had acted unreasonably in failing to grant Warchalowski's petition to lay out a private way over a discontinued road which passed through Brown's property.

Before the Superior Court hearing after remand, Brown moved for summary judgment on the basis of one of his earlier objections to the referee's report which the Superior Court had not reached in its first judgment. The motion was denied. After a hearing at which Brown, Defendant Warchalowski, one former selectman, Defendant Leo McDonald (a former county commissioner), and Warchalowski's former attorney testified, the trial court held that the county commissioners had made the necessary determination of unreasonableness and that Brown's attempt to raise the earlier unresolved objection was foreclosed by *Warchalowski.* Brown filed a timely request for findings of fact and the trial court responded. He then brought this appeal.

In *Warchalowski* this Court had directed the Superior Court to "take evidence on the very specific question of whether the Commissioners, on October 4, 1972, actually made a preliminary determination that the Selectmen acted unreasonably on November 4, 1971, in refusing to lay out the requested private way." 417 A.2d at 430. We had noted that this determination could be established by extrinsic evidence.

While the transcript of the hearing contains considerable testimony which is not particularly relevant to this "very specific question," it does include the testimony of the only 1972 county commissioner still available, asserting that the reasonableness of the selectmen's failure to act was not considered. Warchalowski's former attorney testified that he had given the county commissioners copies of the relevant statute before they viewed the site, that the county commissioners had discussed the need to make a finding of unreasonableness, and

**2.** Reference of cases involving review of administrative action is an inappropriate use of M.R. Civ.P. 53. *Bruk v. Town of Georgetown,* Me., 436 A.2d 894, 896 (1981).

**3.** 23 M.R.S.A. § 3006, repealed in 1976, provided:

When the municipal officers unreasonably neglect or refuse to lay out or alter a town way, or a private way on petition of an inhabitant of or an owner of land therein for a way leading from such land under improvement to a town or highway, the petitioner may, within one year thereafter, present a petition stating the facts to the commissioners of the county, at a regular session, who shall give notice thereof to all interested and act thereon as is provided respecting highways. When the decision of the municipal officers is in favor of such laying out or alteration, any owner or tenant of the land over or across which such way has been located shall have the same right of petition. When the decision of the commissioners is returned and placed on file, such owner or tenant or other party interested has the same right to appeal to the Superior Court as is provided in sections 2063 to 2066, and to have his damages estimated as provided in section 2058.

that in fact, they had done so. Warchalowski also testified that one county commissioner had declared in 1972 that the selectmen had been unreasonable.

Brown contends that the Superior Court's finding that the county commissioners made the necessary finding of unreasonableness is erroneous, based on the evidence presented. That finding is one of fact, and Brown must show on this appeal that it was clearly erroneous. M.R.Civ.P. 52(a); *Butler v. Inhabitants of the Town of Tremont*, Me., 412 A.2d 385, 387 (1980). If a finding of fact is supported by credible evidence, it is not clearly erroneous. *Conover v. Conover*, Me., 403 A.2d 352, 354 (1979). This is true even though such evidence may be disputed by contrary testimony in the record. *Benner v. Sherman*, Me., 371 A.2d 420, 421 (1977).

■ The Superior Court in this case did not base its finding upon a clear misapprehension of the law, nor is its finding so against the great preponderance of the evidence that it "does not represent the truth and right of the case." *Harmon v. Emerson*, Me., 425 A.2d 978, 982 (1981). There is credible evidence to support a finding that the county commissioners determined that the failure of the Buckfield selectmen to act on Warchalowski's petition was unreasonable. This Court must therefore uphold that finding. In so finding, the trial court carried out the mandate of *Warchalowski*.

As his second issue on appeal Brown also challenges the ruling of the Superior Court that his objections to the referee's report that were never expressly reached by the Superior Court in its first decision in this case and not raised on the first appeal, were foreclosed by the decision of this Court in *Warchalowski, supra*. On that earlier appeal, as an alternate ground to support the Superior Court's decision Brown did raise one objection to the referee's report, which objection that court had specifically declined to reach as a result of its approval of his first objection. He did not, however,

pursue any of his three other objections set forth in his pleadings of November 9, 1978.

■ After the Superior Court had sustained one of Brown's objections to the report of the referee, he was not required to persist in offering his additional objections to forestall the possibility that Warchalowski might take an appeal and that this Court might reverse the Superior Court on the ground of the sustained objection. Only a clear denial of any of Brown's objections would require a cross-appeal. Here, the Superior Court expressly declined to consider Brown's additional objections. In general, where a party clearly makes certain objections to rulings of the trial court, and where those objections are not expressly or by plain implication ruled upon by the trial court or waived by the party, and where, notwithstanding, the party prevails in the trial court but loses on appeal, his objections should be available when the matter is remanded to the trial court for further proceedings. *See, e.g., More v. Johnson*, 193 Colo. 489, 568 P.2d 437 (1977); *Kingdon v. Sybrant*, 158 N.W.2d 863 (N.D. 1968); *Koch v. Southern Pacific Transportation Company*, 274 Or. 499, 547 P.2d 589 (1976). Questions which have not actually been decided by the reviewing court and which were not at issue or involved in the appeal are not concluded and may be considered by the trial court in subsequent proceedings on the case. *Pioneer Trust and Savings Bank v. Zonta*, 96 Ill.App.2d 339, 51 Ill.Dec. 731, 421 N.E.2d 239 (1981).

■ In *Warchalowski, supra* we said:

It would appear that the damages as fixed by the Commissioners are grossly inadequate. Should the Superior Court determine on remand that the Commissioners in 1972 did make the required preliminary determination of unreasonable refusal on the part of the Selectmen and enter judgment affirming the Commissioners' layout of the private way, Brown may then file an appeal pursuant to 23 M.R.S.A. § 2058 within 30 days after the Commissioners' return has become final. After such an appeal is filed,

the Superior Court shall proceed to determine appropriate damages suffered by Brown from the laying out of the private way.

417 A.2d at 430. That statement continues to apply.

The entry is:

Appeal sustained.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.