**James CELLUCCI**

v.

**Vivian CELLUCCI.**

Supreme Judicial Court of Maine.

Argued March 11, 1987.

Decided April 3, 1987.

Stephen C. Lunt (orally), Givertz, Lunt & Hambley, Portland, for plaintiff.

Dennis Levandoski (orally), Kettle, Carter, Henegar, Levandoski & Anderson, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Vivian Cellucci appeals from a judgment of the Superior Court, Cumberland County, affirming the grant of a divorce on the complaint of her husband, James Cellucci, by the District Court, Portland. The defendant, a domiciliary of Mississippi, contends on appeal 1) that the divorce com-

---

plaint should have been dismissed because the District Court lacked personal jurisdiction over her, and 2) that the District Court erred when it granted the divorce on the ground of cruel and abusive treatment. Because the District Court had subject matter jurisdiction pursuant to 19 M.R.S.A. § 691(2)(A) (1981), it properly denied the motion to dismiss the complaint. We conclude, however, that insufficient evidence was presented to allow the District Court to grant a divorce on the ground of cruel and abusive treatment. Accordingly, we vacate the judgment.

■ To obtain a divorce predicated on the ground of cruel and abusive treatment pursuant to 19 M.R.S.A. § 691(1)(G) (1981), the plaintiff must prove more than cruelty alone: "It must be affirmatively shown by the plaintiff in a divorce action that the acts complained of caused a consequential effect of an impairment of physical or mental health or an apprehension of danger to life." *Gruber v. Gruber*, 161 Me. 289, 292, 211 A.2d 583, 585 (1965). We have consistently required the plaintiff, in establishing cruel and abusive treatment, to prove the following two elements by a preponderance of the evidence:

> (1) the cruel and abusive conduct of plaintiff's spouse, and (2) that such conduct caused the plaintiff physical or mental injury or that a continuation of the marriage relationship would jeopardize physical or mental health.

*Gruber v. Gruber*, 161 Me. at 293, 211 A.2d at 585; *see also Conover v. Conover*, 403 A.2d 352, 354 (Me.1979); *Boulay v. Boulay*, 393 A.2d 1339, 1340 (Me.1978).

Although the evidence presented to the District Court tended to demonstrate incompatibility between the parties, plaintiff's complaint failed to allege irreconcilable marital differences as a ground for divorce nor did he at any time move to amend his pleadings to add such an alternative ground for divorce. In response to the defendant's reliance on *Gruber*, the plaintiff presents no detailed rationale for the modification of its requirements. Rather, the thrust of his argument is that he has established them. We conclude, however, that the evidence in this record is clearly inadequate to establish cruel and abusive treatment by the wife under the standard set forth in *Gruber*.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of an order vacating the divorce judgment and remanding to the District Court for further proceedings consistent with the opinion herein.

All concurring.